In re SMITH.

(District Court, W. D. Texas, El Paso Division.  April 25, 1899.)

No. 7.

1. BANKRUPTCY—REVIEW OF DECISION OF REFEREE.

Under General Order No. 27 (18 Sup. Ct. viii.), in bankruptcy, the decision of the referee on a contest between the bankrupt and one of his creditors cannot be certified to the judge for review when the referee's finding is not followed by any order made by him, and the exceptant does not file a petition setting forth the error alleged to have been committed by the referee.

2. SAME—CONTEST AS TO EXEMPTIONS.

The question of the status of a particular chattel claimed by the bankrupt as exempt, and by a creditor as assets of the estate, cannot properly come before the court for determination until a trustee has been appointed, and has made his report of the articles set apart by him as exempt.  Exceptions to the trustee's action may then be heard by the referee, and certified by him to the judge for final determination.

3. SAME—APPOINTMENT OF TRUSTEE—AFTER-DISCOVERED ASSETS.

In a case of voluntary bankruptcy, where no trustee was appointed, for the reason that the schedule showed no assets, and no creditors attended the first meeting, if the referee afterwards learns that property of the bankrupt has been found, which creditors claim as assets of the estate, a trustee should then be appointed, according to General Order No. 15 (18 Sup. Ct. vi.).

In Bankruptcy.  On review of finding of referee.

Frank E. Hunter, for bankrupt.

Z. B. Clardy, for contesting creditor.

MAXEY, District Judge.  Richard F. Burges, Esq., one of the referees in bankruptcy, has submitted the following certificate for the consideration of the judge:

"I, Richard F. Burges, one of the referees of said court in bankruptcy, do hereby certify that in the course of the proceedings in said cause before me, the following question arose pertinent to the said proceedings: Is a diamond, of the value of two or three hundred dollars, which is set as a shirt stud, and is habitually worn as such, exempt to a bankrupt under the statute of Texas, which exempts 'all wearing apparel'?  Art. 2397, Rev. Stat. Tex. 1895. An agreed statement of all the evidence pertinent to this issue which was adduced upon the hearing thereof is hereto attached, and marked 'Exhibit A,' and made a part hereof.  And the referee, after hearing all the evidence, and the authorities submitted, and argument made by counsel for both parties, to wit, the Edgewood Distilling Co., contestant, and Phillip Smith, bankrupt, held that such diamond was not exempt.  Whereupon Phillip Smith, bankrupt, by his counsel, excepted to said ruling of the referee.  And the said question is certified to the judge for his opinion thereon."

After a careful examination of the proceedings in this case, the court feels constrained to return the record to the referee, with instructions for further proceedings.  Bankruptcy Act, § 2, cl. 10.  If the referee predicated his certificate upon rule 27 (18 Sup. Ct. viii.), it does not appear that in the proceeding before him any order was made upon his finding; nor does the record contain a petition filed by the bankrupt, setting out any error committed by the referee.  If it was the purpose of the Edgewood Distilling Company, whose claim was proved

up against the bankrupt subsequent to the first meeting of creditors, to secure a ruling of the judge upon its exceptions to the application of the bankrupt for his discharge, the certificate of the referee was evidently not prepared to meet that phase of the case. See order of this court "as to procedure on petitions for discharge." It was doubtless the purpose of the parties to secure a ruling by the judge upon the question as to whether the bankrupt could retain the diamond "shirt stud" as exempt property. The court is of the opinion that the question is not properly presented, and that correct procedure requires the return of the record. Under the provisions of section 70 of the act of congress, the title to the diamond passed to the trustee, unless it was exempt; and it is made the duty of the trustee, by section 47, cl. 11, of the act, "to set apart the bankrupt's exemptions, and report the items and estimated value thereof to the court as soon as practicable after their appointment." Rule 17 of the supreme court (18 Sup. Ct. vi.) prescribes the procedure to be pursued by the trustee in setting apart exempt property, and the time and manner in which exceptions may be taken to his report. It is there provided:

"The trustee shall, immediately upon entering upon his duties, prepare a complete inventory of all the property of the bankrupt that comes into his possession. The trustee shall make report to the court, within twenty days after receiving the notice of his appointment, of the articles set off to the bankrupt by him, according to the provisions of the forty-seventh section of the act, with the estimated value of each article, and any creditor may take exceptions to the determination of the trustee within twenty days after the filing of the report. The referee may require the exceptions to be argued before him, and shall certify them to the court for final determination at the request of either party."

The record discloses that the referee, in view of the absence of all creditors at the first meeting, and of the fact that the schedule disclosed no assets, quite properly, in the exercise of the discretion conferred by rule 15 (18 Sup. Ct. vi.), directed that no trustee should be appointed until the further order of the court. When, however, it came to the knowledge of the referee, during the further progress of the case, that property of the bankrupt had been found which the creditors claimed as assets of the estate, a trustee should have been appointed, as the necessity for such action had arisen as contemplated by rule 15. When the trustee shall make his report to the referee, the dissatisfied party may except thereto in the manner prescribed by rule 17, and at the request of either party it is made the duty of the referee to certify the exceptions for the final determination of the judge. No trustee having been appointed, the record and findings certified by the referee will be returned, with instructions to take the proper steps to secure the appointment of a trustee, who shall, upon his appointment and qualification, proceed in the discharge of his duties as required by the act of congress and the rules of court. For the reasons given, the court, for the present, declines to answer the question certified by the referee. Returned, with instructions.