## In re HAWLEY.

(District Court, N. D. Iowa, W. D. June 12, 1902.)

1. BANKRUPTCY—PROCEDURE—REVIEW OF RULINGS OF REFEREE.

The ruling of a referee in bankruptcy allowing the claim of a creditor cannot be brought into the district court for review by filing exceptions thereto in that court.

In Bankruptcy. On exceptions filed in this court to ruling of referee with respect to a claim of the Mallory Commission Company, and motion to strike such exceptions from the files.

L. M. Kean and E. P. Farr, for excepting creditors.

A. L. Beardsley, for Mallory Commission Co.

SHIRAS, District Judge. The questions presented by the several objections filed to the claim of the Mallory Commission Company were presented to and decided by the referee on October 15, 1901; and the objections to payment of a dividend upon the claim as allowed were overruled on January 7, 1902. The creditors knew the action taken by the referee upon the objections filed to the allowance of the claim of the Mallory Company, as is shown by the recitals in the petition filed by the creditors, asking for a declaration of a dividend, and which is found on page 580 of the record. It does not appear that the creditors asked for or obtained a certification of any question connected with this claim by the referee, nor did the creditors petition for a review of the ruling of the referee under the provisions of general order 27 (89 Fed. xi). The only action taken by the creditors contesting the claim was to file in this court on June 6, 1902, certain exceptions to the rulings of the referee. Such action, however, does not bring before the court for review the rulings and decisions of the referee. This case is still pending before the referee, and his rulings on questions arising during the progress of the case cannot be brought before the judge of the district court by simply filing in this court exceptions to such rulings.

The motion to strike such exceptions from the files is therefore granted.