In re CRENSHAW.

(District Court, S. D. Alabama. August 1, 1907.)

No. 493.

BANKRUPTCY—EXAMINATION OF BANKRUPT—RIGHT PRIOR TO ADJUDICATION.
Bankruptcy Act July 1, 1898, § 21a, c. 541, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3430], providing for the examination of witnesses "concerning the acts, conduct, or property of a bankrupt whose estate is in process of administration under this act," does not authorize an order in involuntary proceedings in which there has been no adjudication requiring the alleged bankrupt to appear and submit to an examination.

In Bankruptcy. On motion for an order to examine the alleged bankrupt and other witnesses.

Stevens & Lyons, for petitioners.

TOULMIN, District Judge. There has been no adjudication of bankruptcy in this case and no receiver appointed in the meantime. Bankruptcy Act July 1, 1898, § 21a, c. 541, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3430], providing for such an order, authorizes the court, which is administering the estate, and "in the process of the administration," to make such an order. The examination is in aid of the administration. Bankruptcy Act, § 21. The decree of adjudication operates in rem and from the moment of adjudication the bankrupt's estate is in the custody of the court—in custodia legis—and from that time may be said to be in process of administration.

The case of Fixen & Co. (D. C.) 96 Fed. 748, is cited in support of this motion. As I understand that decision, it is, in substance, that the court had the power to appoint a receiver prior to an adjudication and the election of a trustee; that a receiver has authority to institute suits to recover property of the bankrupt if necessary to get possession of it; that a receiver was an "officer" in contemplation of the bankrupt act who was authorized by section 21 of the act to apply for an order to examine the bankrupt and others, as witnesses, pertaining to the bankrupt's property, etc., and that it was not necessary there should be a suit pending to authorize such examination.

These seem to have been the points raised and controverted in the case. While it is true the order for the examination was made before adjudication—some four days before—no question was raised as to its being premature, no suggestion as to its invalidity on that ground, and no reference to or notice taken of it by the court except the statement of it as a fact. We may find in some instances that the courts say there is nothing in the act which limits the examination of the bankrupt to any particular time or occasion, yet they uniformly say, when they make any expression on the subject, that an examination may be ordered at any time during the pendency of the bankrupt proceedings, while the bankrupt's estate is in process of administration. Can the bankruptcy court administer the estate of one who has not been adjudicated a bankrupt? In the case of an involuntary bankrupt proceeding, like the one under consideration, a petition is filed, and it may be said that the bankrupt proceedings are pending, non constat

the alleged bankrupt may never be adjudicated a bankrupt. It appears clear to me that the court should not order an examination "concerning the acts, conduct, or property of a bankrupt" before the party concerning whose acts, property, etc., it is proposed to examine has been adjudged a "bankrupt." However, when we consider those sections of the bankruptcy act which pertain to the subject under consideration, and which should be construed together, with the forms which relate thereto, I think it manifest that both the act and forms imply that such examination is to be had subsequent to the adjudication. The sections of the act referred to are 21, 58, and 7, and Forms Nos. 28 and 30. Section 58 provides that creditors shall have at least 10 days' notice of all examinations of the bankrupt. In re Price (D. C.) 91 Fed. 635. How are the creditors to be known except as they appear in the list of creditors of the bankrupt, or make themselves known after due notice by publication under the order of the court?

The motion is denied.