## CRADDOCK-TERRY CO. et al. v. KAUFMAN.

(District Court, W. D. Texas. San Antonio Division. December 24, 1909.)

No. 457.

1. BANKRUPTCY (§ 228*)—CERTIFICATE OF REFEREE.

A certificate of a referee in bankruptcy, reciting that the alleged involuntary bankrupt, on being subpoenaed on an application for the appointment of a receiver before adjudication, refused to submit to examination, and requesting an adjudication of her obligation so do to, could

not be considered as a petition to review the findings of the referee, since it contained neither a ruling nor an order made by him: and also failed to comply with the requirements of General Order 27 (89 Fed. xi, 32 C. C. A. xxvii).

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 228.*]

2. BANKRUPTCY (§ 235*)—CERTIFICATE OF REFEREE.

A certificate of a referee in bankruptcy that the alleged involuntary bankrupt refused to submit to examination before adjudication on an application for a receiver could not be sustained as an application of creditors for an order to examine the bankrupt as a witness.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 235.*]

In Bankruptcy. Involuntary bankruptcy proceeding by the Craddock-Terry Company against Mrs. R. Kaufman. On certificate of referee. Dismissed.

The following certificate was presented to the court by the referee in bankruptcy:

"I, Guy S. McFarland, the referee in bankruptcy in charge of this proceeding, do hereby certify that in the course of such proceeding, upon the hearing of the application for a receiver filed by petitioning creditors, petitioning creditors endeavored to examine the alleged bankrupt, Mrs. Rachel Kaufman, concerning the issues formed in the application for receiver and the answer thereto filed by Mrs. Kaufman.

"Counsel for Mrs. Kaufman objected to such examination upon the theory that, under section 21a. of the bankruptcy act, prior to adjudication an alleged bankrupt may not be required to submit to an examination, citing in support of their contention In re Davidson [D. C.] 19 Am. Bankr. Rep. 833 [158 Fed. 678], and [Skubinsky v. Bodek (C. C. A.)] 22 Am. Bankr. Rep. 689 [172 Fed. 332]. To follow these decisions and the rules therein stated would defeat the majority of applications for receivers in involuntary cases, but I have been unable to find any authority to the contrary.

"I therefore certify the question to your honor in the hope that I will be able to get a decision from you in time to be of use, if not in this case, in the case of In re Milgrom, in which an application for receiver has been filed and referred to me, with certificate of your honor's absence from this division.

"No adjudication has yet been had in either of these cases."

Cocke & Cocke and G. O. Brown, for petitioning creditors.
Birkhead & Booth and Shook & Vanderhoeven, for interveners.

MAXEY, District Judge. By section 41a, cl. 4, of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 556 [U. S. Comp. St. 1901, p. 3437]), it is provided:

"A person shall not in proceedings before a referee * * * refuse to appear after having been subpœnaed, or, upon appearing, refuse to take the oath as a witness, or, having taken the oath, refuse to be examined according to law."

And it is further provided, among other things, by section 41b, that:

"The referee shall certify the facts to the judge, if any person shall do any of the things forbidden in this section," etc.

As it does not appear that the alleged bankrupt, Mrs. Kaufman, did any of the things forbidden by that part of the act quoted, the conclusion is quite evident that the certificate of the referee was not based upon that section of the act. It is equally clear that the certificate

cannot be considered as a petition to review the findings of the referee, since it contains neither a ruling nor order made by him, and in other essential respects it fails to conform to the requirements of General Order 27 (89 Fed. xi, 32 C. C. A. xxvii). Collier's Bank. (7th Ed.) p. 883. See section 39a, cl. 5, of the bankruptcy act; In re Reukauff (D. C.) 135 Fed. 251; In re Schiller (D. C.) 96 Fed. 400; In re Kurtz (D. C.) 125 Fed. 992; In re Russell (D. C.) 105 Fed. 501; In re Hawley (D. C.) 116 Fed. 428; In re Smith (D. C.) 93 Fed. 791. Nor can the certificate stand, for obvious reasons, as an application by the creditors for an order to examine the alleged bankrupt as a witness. The question therefore decided by the court in the following cases cited by the referee: In re Davidson (D. C.) 158 Fed. 678; Skubinsky v. Bodek (C. C. A.) 22 Am. Bankr. Rep. 689, 172 Fed. 332—to which may be added In re Crenshaw (D. C.) 155 Fed. 271, and sought to be submitted by him in this proceeding, cannot be considered.

The following language employed by Judge McPherson in the case of In re Reukauff, supra, is appropriate and pertinent in this immediate connection:

"I see no indication anywhere that the judge may be required to answer questions before the referee himself takes action."

The certificate should be dismissed, and it is so ordered.

