### In re OCTAVE MINING CO.

(District Court, D. Arizona. March 31, 1914.)

No. B—41.

1. BANKRUPTCY (§ 228*)—DECISIONS OF REFEREE—REVIEW.

The mode prescribed by General Order in Bankruptcy 27 (89 Fed. xi, 32 C. C. A. xxvii) for review by the judge of the orders of the referee on the filing of a petition with the referee setting out the error complained of is the exclusive mode for review, and an attempted appeal from an order of the referee rejecting a claim as a secured claim and allowing it as an unsecured claim confers no power on the court to review the order.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 387; Dec. Dig. § 228.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BANKRUPTCY (§ 228*)—ORDERS OF REFEREE—REVIEW—TIME OF FILING PETITION.

A petition to review an order of the referee in bankruptcy, rejecting a claim as a secured claim and allowing it as an unsecured claim, comes too late when filed nearly 11 months after the decision, and the action of the referee in refusing to certify his findings for review will be affirmed.

[Ed. Note.—For other cases, see. Bankruptcy, Cent. Dig. § 387; Dec. Dig. § 228.*]

3. BANKRUPTCY (§ 345*)—SECURED CLAIMS—WHAT ARE.

A creditor who obtained a judgment against the debtor after the filing of a petition in bankruptcy by other creditors against the debtor, but nearly a year before the adjudication of bankruptcy, and who filed and recorded the judgment over four months before the adjudication, did not thereby obtain a preferred claim under the bankruptcy law.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 531, 532, 534, 539, 540; Dec. Dig. § 345.*]

In Bankruptcy. In the matter of the Octave Mining Company, a bankrupt. Petition by I. E. Huffman for a review of a decision of the referee rejecting a claim as a secured claim and allowing it as an unsecured claim. Affirmed.

E. S. Clark, of Prescott, Ariz., for creditors.

Kibbey, Bennett & Bennett, of Phœnix, Ariz., for I. E. Huffman, a creditor claiming a lien.

SAWTELLE, District Judge. On October 8, 1910, a creditors' petition was filed against the Octave Mining Company, and on November 9, 1910, answer was filed by the company, by its attorney, J. E. Russell. On November 17, 1910, order was made requiring bond of petitioning creditors. The record is silent as to the giving of the bond. On January 6, 1912, bankruptcy was confessed by said J. E. Russell as attorney for said company, and an adjudication of bankruptcy followed on the same day. On January 21, 1911, after the filing of the petition, I. E. Huffman obtained a judgment against the bankrupt in the district court of Maricopa county, Ariz., and on August 23, 1911, he filed and recorded the same in Yavapai county, Ariz. On September 5, 1912, I. E. Huffman filed his claim with the referee as a secured claim. On December 12, 1912, the referee rejected the claim as a secured claim and allowed it as an unsecured claim.

Notice of the action of the referee was given to Huffman's counsel and they filed in court an attempted appeal on December 18, 1912, but did not apply to the referee under General Order 27 (89 Fed. xi, 32 C. C. A. xxvii) for a petition to review his decision, nor did they request him to certify his action and the evidence on which he acted to the District Judge. On October 22, 1913, Huffman filed with the referee a petition for review of his order.

The trustee having filed objections to the allowance of the petition by the referee, that officer refused to certify the facts and findings without instructions from the court, and asked for instructions in the matter.

[1] It is manifest that the mode prescribed by General Order 27 is the only manner in which the decisions of the referee may be reviewed

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by the judge, and that the paper filed in the court on December 18, 1912, confers no power on the court to do so.

[2] This being so, the only matter which the court now has before it is the request of the referee as to whether he shall certify the facts and his findings for review. It is true that no definite period is fixed by General Order 27 as to the time within which an appeal must be taken from the orders of the referee, and that consequently it must be taken within a reasonable time.

What is a reasonable time in such a matter has been usually fixed by standing order in the various courts, running from 10 days to 30 days, and the question of what is a reasonable time in the absence of a stated rule has been considered in several cases, among others in the following:

In re Grant (D. C.) 143 Fed. 661, was very similar in its facts to this case. In that case the appeal was taken February 12, 1906, from an order entered October 25, 1905, and the court declined to instruct the referee to send up the facts and findings for review. The lapse of 30 days between the order and the appeal was held not unreasonable in Re Foss (C. C.) 147 Fed. 790, but the judge rendering the opinion in that case stated that no delay had been caused, and said if the matter were before him for the making of a rule he would probably fix a limit of 10 days.

In re Nichols (D. C.) 166 Fed. 603, is an instructive case. In that case the court says that the decision of the referee was clearly erroneous. The order allowing the preference was made July 7, 1907, and a copy of the order was sent to creditors, who sought for review not later than September 11, 1907. On May 13, 1908, a petition for review was filed with the referee. Objection was filed, and on July 31, 1908, the referee denied the petition on the ground that it had not been made within a reasonable time. Thereupon the objecting creditor filed in the District Court a motion for an order reversing the order allowing the claim, as well as the order refusing the petition for review. On hearing the motion the court decided that, though the decision of the referee on the facts was erroneous, the petition to the referee for review was too late, and that the proceeding for review in the District Court should be dismissed.

No case has been pointed out wherein a delay of more than 6 months has been held to be a reasonable time, and a strong argument by analogy could be made for a limitation of 10 days. The Bankrupt Act provides that appeals from the allowance or disallowance of claims from the District Court to the Circuit Court of Appeals must be taken within 10 days from the rendition of judgment by the District Court. No good reason has been shown why a longer time should be allowed for appeals from the referee to the District Court.

The only question before the court being whether or not the referee shall be instructed to send up his finding and the evidence, and the time elapsing between the rendition of his order and the petition for review being greater than the time allowed by any of the cases, the court feels compelled to hold that the petition for review came too late, and the action of the referee in refusing to certify his findings for re-

view is affirmed, and the estate of the bankrupt should be distributed without further delay.

[3] I am likewise of the opinion that petitioner's claim is not a preferred claim under the law and that the referee properly disallowed it as such.