## CARY v. INTERNATIONAL AGR. CORP.

### In re HULL.

#### (District Court, N. D. Ohio. January, 1916.)

1. BANKRUPTCY ⬦342—RE-EXAMINATION OF CLAIMS—POWER OF REFEREE.

Bankr. Act July 1, 1898, c. 541, § 57d, 30 Stat. 560 (Comp. St. 1916, § 9641), provides that claims which have been duly proved shall be allowed upon presentation to the court, unless objection shall be made or their consideration continued for cause by the court upon its own motion. Section 57k provides that claims which have been allowed may be reconsidered for cause, and reallowed or rejected. Section 5g (Comp. St. 1916, § 9589) provides that the court may permit the proof of the claim of a partnership estate against the individual estates, and vice versa, and marshal the assets of the partnership estate and individual estates, so as to prevent preferences and secure the equitable distribution of the property. *Held*, that the referee had power on his own motion and on proper notice to all persons in interest to reconsider his action in allowing a claim against the individual estate of a partner and to reallow it against the partnership estate.

2. BANKRUPTCY ⬦342½—REVIEW OF DISALLOWANCE OF CLAIM—TIME FOR REVIEW.

Where a creditor waited more than two years before taking any action to review an order of the referee disallowing its claim as against the individual estate of one member of a partnership, instead of petitioning for review within 10 days as prescribed by rule of court, it voluntarily surrendered its right to review such order, and whatever rights it had against such individual estate.

In Bankruptcy. In the matter of Robert B. Hull, bankrupt. On petition of Charles Cary, trustee, for review of an order of the referee vacating a prior order respecting the claim of the International Agricultural Corporation. Petition granted, and order reversed and set aside.

See, also, 224 Fed. 796; 240 Fed. 101, —— C. C. A. ——.

Clarence A. Fisher and Celsus Pomerene, both of Canton, Ohio, and John Huston, of Millersburg, Ohio, for trustee.

James M. Butler, of Columbus, Ohio, and Robert L. Adair, of Wooster, Ohio, for creditor.

CLARKE, District Judge. This matter comes before the court upon a petition to review the finding and order of the referee entered on the 23d day of June, 1915, setting aside and vacating the entry of an order of a former referee dated the 29th day of April, 1913, on the ground

and for the reason that the earlier order was made without jurisdiction on the part of the referee to make the same. The facts essential to have in mind in deciding the question raised by this petition for review are as follows:

Robert B. Hull and H. F. Kyser formed a partnership early in the year of 1912 which was dissolved in the early fall of the same year when Kyser bought out Hull and assumed the liabilities of the firm. Among these liabilities were two claims, one of the Canton Buggy Company for about $900, and one of the International Agricultural Corporation for about $1,200. Upon learning of the dissolution of the partnership, these two last-named creditors were not satisfied to accept Kyser as their sole debtor, and demanded and received notes signed by both Kyser and Hull. The International Agricultural Corporation received two notes for its claim; both being signed by Kyser and Hull, and both dated the 31st day of December, 1912.

On the 11th day of January, 1913, Kyser filed a voluntary petition in bankruptcy, and on the 14th day of January, Hull likewise filed such a petition, and both were adjudicated bankrupts on the days the petitions were filed. On the 25th day of January, 1913, pursuant to proper notice, the creditors met with the referee in bankruptcy for the purpose of filing claims and electing a trustee, etc. The claim of the Agricultural Corporation was presented to the referee and he made the following entry upon proof of the claim, viz.:

"Amount due $1,106.73. Filed and allowed. 1/25/13. W. F. Kean, Referee in Bankruptcy."

And the referee at the same time made the following entry upon his record:

"In the Matter of Robert B. Hull, Bankrupt. In Bankruptcy. The following claims have been presented and allowed: No. 18. The International Agricultural Corporation. $1,106.73."

No entry seems to have been made upon the other, the smaller note of the Agricultural Corporation, and it is not necessary to consider it. Afterwards, on the 18th day of April, 1913, the referee in bankruptcy sent the following notice to all the creditors of R. B. Hull:

"In the District Court of the United States, for the Northern District of Ohio, Eastern Division.

"In the Matter of Robert B. Hull, Bankrupt.

"Notice is hereby given to the creditors of said bankrupt, that on the 29th day of April, A. D. 1913, at my office in Wooster, Ohio, a hearing will be had to determine individual and firm creditors, and especially to consider certain notes of the International Agricultural Corporation and the Canton Buggy Company, the same being firm debts of Kyser, Hull & Co., and for which notes were given in December, prior to the bankruptcy proceedings by both Kyser and Hull, as individual creditors, and to determine whether said claims are individual claims or not.

"Wooster, Ohio, April 18, 1913.

"W. F. Kean, Referee in Bankruptcy."

By this notice the Agricultural Corporation was advised that on the 28th day of April, 1913, at the office of the referee a hearing would be had—

"to determine individual and firm creditors, and especially to consider certain notes of the International Agricultural Corporation, and the Canton Buggy Company, the same being firm debts of Kyser, Hull & Co., for which notes were given in December prior to the bankruptcy proceedings by both Kyser and Hull, * * * and to determine whether said claims are individual claims or not."

This court concludes, from the summary of the evidence returned by the referee and from the additional evidence taken by him under direction of the court, coupled with the failure of the Agricultural Corporation to introduce any evidence to the point that it did not receive the notice of the referee dated April 18, 1913, that such notice was duly received by the corporation. It appears from the record that the corporation did not attend or was not represented at the hearing of the referee on April 29th, when the entry quoted was made.

Pursuant to the notice above quoted, dated April 18, 1913, a meeting of creditors was held on April 29th to consider the status which should be given to the Canton Buggy Company claim and the International Corporation claim, and the decision of the referee was as follows:

"On the 18th day of April, 1913, I gave notice to all the creditors that a meeting would be held in my office in Wooster, Ohio, on April 29, 1913, at 10 o'clock a. m., to determine whether certain notes signed by Robert B. Hull, within four months of the filing of petition in bankruptcy should be allowed to pro rate with the individual creditors. This includes the Canton Buggy Company and the International Agricultural Corporation. On this 29th day of April, came creditors and on argument of counsel I held that they should not so pro rate."

In this entry it is plainly decided that the two claims considered should not be allowed as individual claims against the estate of Hull, but they were permitted to stand as partnership claims against the estate.

The Canton Buggy Company, within the 10 days allowed by the rule of this court, filed its petition for review of the decision of April 29, 1913; but the Agricultural Corporation did nothing whatever until May 19, 1915, when it filed an "application," praying that the entry of April 29, 1913, might be corrected by omitting the words "and International Agricultural Corporation," thus making it not applicable to the claim of that company, and leaving that claim under the allowance of January 25th, an individual claim against the estate of Hull. The grounds of this application are two:

"(1) That the name, and so the claim, of the Agricultural Corporation was inserted in the entry by inadvertence and mistake. That no testimony was offered with respect thereto, and that the referee supposed at the time the corporation was represented by counsel, when in fact it was not, and did not know of the order until May 17, 1915, and

"(2) That the referee had no authority or jurisdiction to make the order, because there were no pleadings on file raising the question as to whether the corporation's claim was that of an individual or firm creditor, and no notice had been sent to the corporation advising it that such question would be for hearing."

There is no evidence whatever in the record that the entry making the claim of the corporation a firm debt was so entered by inadvertence or mistake. All that appears in the summary of evidence as returned by the referee is that the corporation was not represented by counsel on

April 29, 1913, when the entry was made. As we have said, however, it must be found upon the evidence returned that the Agricultural Corporation received the notice of April 18, 1913, and, with that notice before it, it was fully advised that the question of the status of its claim would be considered and decided at the meeting to be held on the 29th of April.

On June 23, 1915, the referee, acting on the application of the Agricultural Corporation filed on May 19, 1915, set aside the order of the referee of April 29, 1913, giving as his reason that that order was improperly entered, because the referee was without jurisdiction to make it, and the referee ordered that the Agricultural Corporation claim should stand as allowed in the entry of January 25, 1913, which would give it the status of an individual claim, and not a partnership debt.

The trustee files his petition to review this last entry by the referee, and it is this petition for review which we are now considering. Section 57d of the Bankruptcy Act provides:

"Claims which have been duly proved shall be allowed, upon receipt of or upon presentation to the court, unless objection to their allowance shall be made by parties in interest, or their consideration be continued for cause by the court upon its own motion."

It must be assumed that it was pursuant to this authority that the allowance of the claim by the referee was made on January 25, 1913. Paragraph "k" of this same section provides that:

"Claims which have been allowed may be reconsidered for cause and reallowed or rejected in whole or in part, according to the equities of the case, before but not after the estate has been closed."

Section 5, paragraph "g," of the act, provides:

"The court may permit the proof of the claim of the partnership estate against the individual estates, and vice versa, and may marshal the assets of the partnership estate and individual estates so as to prevent preferences and secure the equitable distribution of the property of the several estates."

The decision of the referee setting aside the order of April 29, 1913, proceeds upon the theory that, because no petition or other pleading was filed by the referee or creditor, raising for decision the question of the status of the Agricultural Corporation claimed, therefore the action of the referee was without jurisdiction. It distinctly appears from the record that the action taken by the referee in giving notice of the hearing on April 18, 1913, and in rendering his decision on April 25, 1913, was of his own motion; but it appears from the record that all persons in interest, including the Agricultural Corporation, were duly notified of the meeting to be held, and no pleading could set out more clearly that the question of the status of the claim of the Agricultural Corporation as an individual or a partnership claim was to be considered, that it was set out in the notice of April 18, 1913, which we have found that the corporation received.

[1] We must assume that, in the interval between January 25th and the sending out of the notice on April 18th, it came to the knowledge of the referee that the claim of the Canton Buggy Company and that of the Agricultural Company grew out of the partnership which has subsisted between Hull and Kyser, and it seems clear enough that, under the provision of section 57, par. "k," it was competent for the

referee, proper notice being given to all persons in interest, to reconsider his action in allowing the corporation claim and to reallow it or deal with it according to the equities of the case. And paragraph "g" of section 5 gives to the referee authority to marshal the assets of the partnership estate and individual estates, so as to prevent preferences and make equitable distribution of the property of the several estates.

These sections of the Bankruptcy Act seem sufficient authority for the referee to reconsider his action in originally allowing the claim, and if convinced that justice and equity required it, it was competent for him to make the entry which he did on April 29, 1913. It would seem to be to subordinate substance to form to hold that the referee, due notice being given to all concerned, could not do of his own motion in such a case as this that which the referee impliedly at least, considers it would have been competent for him to have done if a petition or motion had been filed by the trustee or a creditor.

The decision of the referee would be subject to review in one case precisely as the other under General Order in Bankruptcy No. 27 (89 Fed. xi, 32 C. C. A. xxvii) and under Bankruptcy Rule No. 17 (89 Fed. viii, 32 C. C. A. xix) of this court, and it is quite impossible for this court to agree with the referee in holding that because the question was raised in the manner in which it was the referee was without jurisdiction when he would have had jurisdiction if it had been raised by petition or motion.

[2] The real reason the Agricultural Corporation sought a review of the decision of the referee of April 29, 1913, very certainly was the decision by Judge Killits, giving to the claim of the Buggy Company the status of an individual as distinguished from a partnership claim against the estate of Hull, but the Buggy Company filed its petition for review within the ten days prescribed by the rule of this court, while the Agricultural Company waited more than two years before taking any action to review the referee's order, and by this delay it voluntarily surrendered its right to review that order, and also whatever rights it may have had.

It results that the prayer of the petition for review will be granted, and the order of the referee of the 23d day of June, 1915, will be reversed and set aside.