### In re HUFFMAN & CO.

### MILLER v. BOYD.

(Circuit Court of Appeals, Seventh Circuit. December 4, 1926.)

Nos. 3739, 3744.

1. **Bankruptcy ☞342—Referee's review of prior order allowing claim held authorized (Bankruptcy Act, § 57k [Comp. St. § 9641]; General Order No. 27; Bankruptcy Rule 6).**

Referee's review of prior order allowing claim *held* authorized by Bankruptcy Act, § 57k (Comp. St. § 9641), which refers not alone to District Judge, and not controlled by General Order No. 27 and Bankruptcy Rule 6, relating to review by District Judge.

2. **Bankruptcy ☞342½—Petition purporting to ask review of referee's valid order, filed with exceptions to order, held properly dismissed.**

Petition purporting to ask court's review of valid order of referee disallowing claim, filed with exceptions to order, *held* properly dismissed as having no apparent function.

Appeal from the District Court of the United States for the District of Indiana.

In the matter of the bankruptcy of Huffman & Co. On petition of Elam L. Boyd, trustee, the referee vacated a prior order allowing the claim of Eli P. Miller, and disallowed such claim. From a judgment of the District Court, overruling exceptions to the referee's order and dismissing a petition purporting to ask a review thereof, claimant appeals. Affirmed.

Samuel E. Cook, of Huntington, Ind., for appellant.

Lee M. Bowers, of Huntington, Ind., for appellee.

Before ALSCHULER, PAGE, and ANDERSON, Circuit Judges.

ALSCHULER, Circuit Judge. On August 5, 1925, the referee in bankruptcy, after a hearing, entered an order allowing Miller's claim for the delivery to him out of the bankrupt estate of $3,000 in securities and money in the trustee's hands. On September 5, 1925, the trustee petitioned the referee to vacate this order, and, after hearing, the referee on October 9 made an order setting it aside and disallowing Miller's claim.

October 19, 1925, Miller filed in the District Court exceptions to the referee's order of October 9, with a petition purporting to ask review of the referee's last order, charging that the referee had no power to review his prior order, and that the order of October 9 was null and void, and moving the court to set it aside, and to declare that the August 5 order was in no manner affected thereby, but remains in full force.

[1] Upon argument it appears that the ground for the asserted invalidity of the October 9 order is that rule 6 in bankruptcy of the District Court of Indiana prescribes that petitions for the review by the judge of any order or decision by a referee shall be filed with the referee within 10 days after the order is made, and that 10 days having elapsed after the order of August 5 without the institution of proceedings for review, that order became final and irrevocable, and the referee had no further jurisdiction over the matter.

If it be conceded that under rule 6 the order of August 5 was, after the expiration of 10 days following its entry, no longer subject to attack by petition for its review by the District Judge, yet the subsequent proceeding before the referee was not such a review as is provided for by General Order XXVII and referred to in rule 6. It was not

a proceeding for a review by the judge, but a reconsideration by the referee of his own order, a proceeding authorized at any time during the pendency of the estate by section 57k of the Bankruptcy Act (Comp. St. § 9641), which is:

"Claims which have been allowed may be reconsidered for cause and reallowed or rejected in whole or in part, according to the equities of the case, before but not after the estate has been closed."

On oral argument it was contended that this applies only to orders by the District Judge, and not to the referee. The section contains no limitation, and, if not applicable to referees, would be well-nigh inoperative, since the vast majority of claims never come before the judge. Besides, it is not presumable that the lawmakers assumed there would be larger measure of infallibility in referees than in judges. The referee had jurisdiction to reconsider his order of August 5, as was done, and to make his later order.

[2] It is not contended that the paper filed in the District Court authorized the judge to review the referee's valid order of October 9, and the so-called petition, having no apparent function, was properly dismissed by the District Court and its order to that effect is affirmed.