## In re TOMLINSON & DYE, Inc., TULSA, OKL.

### No. 1654.

District Court, N. D. Oklahoma.
June 19, 1933.

Davidson & Williams, of Tulsa, Okl., for claimant, John H. Tomlinson.

Marie Ownby, of Tulsa, Okl., for trustee.

W. N. Banks, of Independence, Kan., for creditor, Bovaird Supply Co.

FRANKLIN E. KENNAMER, District Judge.

John H. Tomlinson filed his claim against the estate of Tomlinson & Dye, Inc., bankrupt, seeking $25,000 which he alleged was due him by the bankrupt corporation upon a promissory note and also the sum of $11,719.-80 for salaries and money claimed to have been advanced to the bankrupt. The facts surrounding the bankrupt corporation, as well as the evidence presented in support and against the claim of John H. Tomlinson, are unimportant in deciding the question here presented. The facts contained in the record of importance for a consideration of the question here presented are: That the refered entered his order disallowing and denying the claim of John H. Tomlinson for the two sums above mentioned on the 17th day of March, 1933. After entering and filing the order denying the claim, and on the same day of the entry of the order, claimant filed a motion to vacate and set aside the order. Upon advice of then counsel for the claimant H. C. Fair not to consider the motion to vacate the order, the motion was not placed on the calendar or trial docket of the referee. Later, counsel for claimant filed an affidavit alleging that the note for $25,000, which was the basis for the claim, had been lost, and they filed an additional motion to vacate the referee's order disallowing the claim. The motion was set for hearing on May 4, 1933. The trustee, other creditors, and O. M. Dye, vice president of the bankrupt corporation, opposed the granting of the motions presented to the referee to set aside the order, and objected to the setting aside or reopening and re-examining the claim. On May 11, 1933, the motion to vacate and set aside the order disallowing the claim was overruled, and on May 16, 1933, the claimant filed a petition for review, which was granted by the referee. Motions have been filed by the trustee and creditors to dismiss the petition for review for the reason that the petition was not filed within ten days after the entry of the order denying the claim of claimant, as provided by the bankruptcy rules of the Northern District of Oklahoma.

The motion to vacate the order and reinstate the claim, filed on the day the claim was disallowed, seeks a reinstatement of the claim upon the ground that claimant was confused as to the hour of the hearing and that such confusion constituted unavoidable casualty which prevented the claimant from being present personally to support his claim. The motion to vacate cannot be considered a petition for review and clearly shows that it was not so intended, as it is directed to the referee rather than to the District Court.

The motion filed by claimant on April 20, 1933, to set aside the order dismissing the claim seeks a rehearing upon the claim for the single reason that the order denying the claim was entered erroneously and improvidently. This motion also asked leave to amend the claim to recite that the note upon which $25,000 of the claim was based had been lost or mislaid. This motion cannot be considered a petition for review to the District Court as it is not so intended. Another reason why the proceedings seeking the rehearings before the referee do not constitute review proceedings before the District Court, is because the procedure for a review has not been followed. The questions for determination are:

(1) Whether a referee in bankruptcy may review and reconsider a claim filed against a bankrupt estate which has previously been disallowed.

(2) Whether the time for filing a petition for review to the District Court begins to run from the date of the ruling upon the motion for a rehearing of a claim, which has been previously disallowed, or whether the time for filing a petition for review begins to run from the date on which the claim has been disallowed.

If a referee in bankruptcy does not have authority to review, rehear, and re-examine claims which have been disallowed, then the filing of such a motion for rehearing is useless and cannot enlarge the time for the filing of a petition for review to the District Court.

The United States Supreme Court has provided for the re-examination of any claim filed against a bankrupt estate and has made provision for the expunging or diminishing of the claim. The rule does not provide for a re-examination of a claim which has been disallowed, but apparently deals only with claims which have been allowed. General Order 21, par. 6 (11 USCA § 53), provides the following: "When the trustee or any creditor shall desire the re-examination of any claim filed against the bankrupt's estate, he may

apply by petition to the referee to whom the case is referred for an order for such re-examination, and thereupon the referee shall make an order fixing a time for hearing the petition, of which due notice shall be given by mail addressed to the creditor. At the time appointed the referee shall take the examination of the creditor, and of any witnesses that may be called by either party, and if it shall appear from such examination that the claim ought to be expunged or diminished, the referee may order accordingly."

There can be no doubt that claims which have been allowed may be reconsidered for cause and be reallowed or rejected in whole or in part, and that a petition for rehearing may be presented at any time prior to the closing of the estate. In re Hamilton Automobile Company et al. (C. C. A.) 209 F. 596; In re Collins (D. C.) 235 F. 937; In re Munsie (C. C. A.) 33 F.(2d) 79; Cary v. International Agricultural Corporation (D. C.) 243 F. 475; In re Caledonia Coal Co. (D. C.) 254 F. 742; In re Lewensohn (C. C. A.) 121 F. 538. However, the power of the referee to reconsider claims is limited to the expunging or diminishing of them. It does not extend to a reconsideration of claims which have been disallowed for the purpose of allowing or increasing them. The Circuit Court of Appeals for the First Circuit, in' Fitch v. Richardson, 147 F. 197, 199, stated the following: "It is true that in bankruptcy proceedings questions of right are governed by the rules of chancery; but the practice of courts in bankruptcy with reference to topics like that before us is statutory. The nature of their powers with regard to matters to which this appeal relates is expressed by paragraph 6 of General Orders XXI, * * * limiting proceedings with reference to a reconsideration of claims to the mere matter of expunging, or diminishing them."

This question has also received the attention of the District Court for the Northern District of California, and it was stated in Re Russell, 105 F. 501, that: "Where a creditor, whose claim has been disallowed by the referee, fails to file a petition for review with the referee, as required by General Order No. 27 [11 USCA § 53], the application for review will be dismissed."

Rules have been promulgated for the administration of cases in bankruptcy in this district, and rule numbered 29 provides that: "All orders of the referee shall be final unless annulled or modified on review taken as in other cases."

Rule 18 provides that: "When any person shall desire a review by the Judge of any order made by the referee, he shall file with the referee his petition. therefor pursuant to General Order 27 of the Supreme Court, within ten days of the date of the order; otherwise the person affected by the order shall be deemed to acquiesce therein and to have waived the right to such review."

Provision is then made for the enlargement of the period within which a petition for review may be filed, not to exceed thirty days.

Rule 19 provides that the referee shall require the filing of a bond upon the filing of a petition for review. A bond was filed in the instant case with the petition for review, but as the motions for rehearings filed before the referee were .never intended as petitions for review to the District Court, no bonds were filed with them.

There can be no question but that the order of the referee became final on March 17, 1933, when an order was entered disallowing the claim of John H. Tomlinson. In order to have presented a review to this court the petition for a review should have been filed in ten days after that date. The referee was without authority to rehear or to reallow the claim which had been disallowed, and the filing of a motion for that purpose was a useless thing. It could not enlarge the time for the filing of a petition for review.

Claimant relies upon the case of In re Greek Manufacturing Company (D. C.) 164 F. 211. The cited case establishes that under the General Orders in bankruptcy, a review of an order of a referee by the district judge can be had only on petition filed with the referee setting out the error complained of, and that such mode of review is exclusive. It further holds that a referee has no authority to review his own orders on exceptions thereto. The court expresses the reason for such a rule, in that to permit the referee to review or alter orders once made would be to enlarge General Order 27 (11 USCA § 53) so as to include what the Supreme Court did not provide, namely, that the referee, as well as the judge, could review such orders.

Another case relied upon by claimant is In re J. W. Renshaw's Sons (D. C.) 3 F.(2d) 75, wherein that court stated that the referee is without any authority or power to review or change his own order upon exceptions filed thereto. It further held that the decision of a referee may only be reviewed by petition presented within ten days, the period specified by rule, and that an order once entered

is not subject to review or alteration by the referee himself. The reason for such a rule is expressed by the court to be the protection of the best interests of creditors of the bankrupt, by requiring the speedy administration of the estate, and the right to file petitions for review cannot be exercised to unreasonably and unnecessarily delay the distribution of the assets of the bankrupt.

In re Huffman & Co. (C. C. A.) 15 F. (2d) 845, has been called to the attention of the court. The facts involved in that case are that the referee, on August 5, 1925, after a hearing, entered an order allowing the claim for the delivery of $3,000 in securities and money in the trustee's hands. On September 5, 1925, the trustee petitioned the referee to vacate the order and on October 9, 1925, the court entered an order setting aside and disallowing the claim. This case simply adheres to the rule that permits the expunging or diminishing of claims after they have been allowed.

The question here presented has had the attention of numerous courts, and it seems well established that the mode of review prescribed by General Order 27 for a review by the judge of orders or decisions of the referee is exclusive, and the party desiring a review must file his petition therefor in the manner prescribed, in default of which the application for review will be dismissed. In re Octave Mining Company (D. C. Ariz.) 212 F. 457; In re Home Discount Company (D. C. Ala.) 147 F. 538; In re Schiller (D. C. Va.) 96 F. 400; In re Marks (D. C. N. Y.) 171 F. 281; In re Walser (D. C. Mo.) 20 F. (2d) 136. Numerous authorities have been called to the attention of the court establishing the proposition that the referee is without authority to review or change his orders in bankruptcy on exceptions filed thereto. In re J. W. Renshaw's Sons (D. C.) 3 F. (2d) 75; In re Kruse (D. C.) 234 F. 470; In re David (C. C. A.) 33 F. (2d) 748; In re Isert (D. C.) 232 F. 484; In re Hull's Estate (C. C. A.) 240 F. 101; In re Marks (D. C.) 171 F. 281. Claimant insists that he did not seek a review before the referee upon exceptions filed to the order, and that these authorities are not controlling. It is contended that the filing of a motion for rehearing and re-examination of the claim warrants the referee in re-examining the claim although a referee is without authority to review such a claim upon exceptions filed thereto. In my opinion, this contention is unsound. There can be no doubt from the authorities, and from the General Order of the Supreme Court, that a ref-

eree is without authority to re-examine or reallow a claim which has been disallowed. It can make no difference whether the review is sought before the referee by a motion for rehearing, a petition for that purpose, or by exceptions. The proceeding for a review of an order of the referee is by a petition for review to the District Judge, and the authority of a referee cannot be enlarged by the filing of a motion for rehearing. It is not within the power of a litigant to confer authority upon a referee which he does not otherwise have, and the filing of a petition for a rehearing and re-examination of an order disallowing a claim by the referee is useless. In re Walser (D. C.) 20 F. (2d) 136, 137, was a case in which the trustee and complaining creditor filed their motion for vacation of certain orders of the referee. In passing upon the question, the court stated:

"If both or either of these proceedings should be construed to constitute petitions for review, they could not be maintained, because they are out of time. I know of no other method by which an order of a referee can be set aside, vacated, or annulled, save by a petition for review, timely filed, as provided by rule 27 of the General Rules in Bankruptcy.

"The courts and the text-books seem to agree that the method provided by rule 27, supra, is exclusive. 1 Collier on Bankruptcy, 926; In re F. M. & S. Q. Carlile (D. C.) 199 F. 612; In re Marks (D. C.) 171 F. 281; In re Clark Coal & Coke Co. (D. C.) 173 F. 658; Craddock-Terry Co. v. Kaufman (D. C.) 175 F. 303; In re Octave Mining Co. (D. C.) 212 F. 457." See, also, In re Faerstein (C. C. A.) 58 F. (2d) 942.

I have no hesitancy in concluding, from a consideration of the authorities, that a referee is without authority to re-examine or reallow a claim which has been disallowed. It is equally well established that the procedure for obtaining a review of an order of a referee disallowing a claim is limited to the filing of a petition for review to the district judge, and that the petition must be filed within the time fixed by rule, or if no rule has been adopted, within a reasonable time. Failure to file a petition for review within the period fixed by rule is fatal to the procedure, the reason therefor being in the interest of a speedy administration of the affairs of bankrupt estates.

In view of these observations, the motion of the trustee and creditors for the dismissal of the petition for review of claimant, John

H. Tomlinson, should be sustained, and the petition for review dismissed. It is so ordered.