### In re GREEK MFG. CO.

#### (District Court, E. D. Pennsylvania. September 23, 1908.)

#### No. 2,971.

BANKRUPTCY—ORDERS OF REFEREE—MODE OF REVIEW.

> Under general orders in bankruptcy No. 27 (89 Fed. xi, 32 C. C. A. xxvii), which provides for review of an order of a referee by the district judge on petition filed with the referee setting out the error complained of, such mode of review is exclusive, and a referee has no authority to review his own orders on exceptions thereto, nor is a party entitled to a review by the judge, except on a petition filed in accordance with such rules as may be adopted by the court.

In Bankruptcy. On certificate of referee concerning claim of National Cash Register Company.

George Wentworth Carr, for National Cash Register Co.

T. Henry Walnut, for objecting creditor.

J. B. McPHERSON, District Judge. At a meeting on April 20, 1908, the referee decided a dispute concerning the ownership of a fund produced by the sale of a cash register, and entered an order awarding the money to the bankrupt's trustee. It appears from the certificate that counsel for the National Cash Register Company was not present, and that the order was made without a full examination of the authorities. The certificate goes on to state that:

> "Shortly after the entry of the order, the referee received a brief filed by the attorney for the cash register company, and upon its receipt and after a reargument entered the order complained of."

This second order, which is now under review, was entered on May 29th, and is attacked upon the ground that it was entered without au-

thority; the argument being that, as no petition to review the order of April 20th had been presented within the period required by the rule of court that applies to this subject, that order had become final. This objection raises a question of practice that should be settled.

General order 27 (89 Fed. xi, 32 C. C. A. xxvii) is in the following language:

"When a bankrupt, creditor, trustee, or other person shall desire a review by the judge of any order made by the referee, he shall file with the referee his petition therefor, setting out the error complained of, and the referee shall forthwith certify to the judge the question presented, a summary of the evidence relating thereto, and the finding and order of the referee thereon."

This method of reviewing an order is exclusive; but it will be observed that no time is fixed within which the petition must be filed with the referee. How long the time shall be is therefore left to be regulated by the courts as they may think proper, and they have agreed that unless a rule upon this subject has been adopted a reasonable time is sufficient. In this district the practice since December 10, 1904, has been governed by the following rule:

"Unless the petition be afterwards allowed by a judge of the District Court for cause shown after notice to opposing interests, a review of any action or order of a referee must be asked for by petition presented to him before the expiration of the tenth day after such action is taken or order is made, with this exception, namely: A review of the admission or rejection of evidence, if such admission or rejection has been duly objected to at the time, may be asked for within ten days after the referee has filed his decision in the proceeding wherein the evidence was offered. Referees are instructed to disregard petitions for review when presented after the expiration of the period named, unless accompanied by an order of allowance from a judge of the District Court. Prompt notice of filing of decisions upon any subject shall be given by the referee to counsel interested."

The meaning of this rule seems to be sufficiently clear. Taken in connection with general order 27, it provides that an order once entered by a referee may only be reviewed by petition, and that such petition must be presented within the period specified by the rule, or afterwards upon special allowance by one of the judges. Otherwise the referee's order (unless, perhaps, when it is obviously beyond his jurisdiction) is no longer subject to review when the ten days thus limited has expired. It follows, also, that an order once entered is not subject to be reviewed or altered by the referee himself. To permit this would be to enlarge general order 27 so as to include what the Supreme Court did not see fit to insert, namely, "the referee," as well as "the judge"; and I need not say that such enlargement is beyond the power of a District Court. The practice (which has, to some extent, grown up in this district) of filing exceptions to a referee's order, which are thereupon argued and determined at such time as may be fixed, is merely a method of having the referee review his own ruling, and finds no warrant either in the general order or in the rule of the District Court. The general order requires that the petition for review shall "[set] out the error complained of," and by this means the same result is reached as by filing exceptions. Occasionally such practice may conveniently afford the referee the opportunity of correcting an inadvertence or a plain mistake; but, even when this is

true, the correction may ordinarily be made by the judge with as much convenience and as little loss of time. In the great majority of cases the filing of exceptions is followed by a rehearing that does not change the referee's opinion, and a review by the court is therefore delayed, without any corresponding advantage; but in any event the practice appears to be irregular, and should be discontinued.

The order of May 29th was entered without authority, and is hereby stricken off.