In re MARKS.

(District Court, E. D. Pennsylvania. June 24, 1909.)

No. 2,152.

BANKRUPTCY (§ 228*)—REFEREE—REVIEW OF ORDERS.

The mode of reviewing an order of a referee in bankruptcy provided by general order 27 (32 C. C. A. xxvii, 89 Fed. xi), by petition to the District Court, is exclusive, and a referee has no power to review or

revoke his own orders after the time for filing a petition for review under the rules of the court has expired.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 228.*]

In Bankruptcy. On certificate of referee.

Joseph L. Greenwald, for bankrupt.
George Wentworth Carr, for trustee.

J. B. McPHERSON, District Judge. The facts under which the pending question arises appear from the following certificate of the referee:

"Jacob M. Marks was adjudicated bankrupt on March 8, 1905, upon petition filed against him January 17, 1905. At several adjourned first meetings of creditors he was examined at length, and thereafter on June 26, 1905, Joseph Tomkinson, trustee in bankruptcy, filed a petition for an order on the bankrupt to show cause why he should not pay $9,321.67 to his said trustee. Further testimony was taken under said petition, and by agreement of counsel the bankrupt's answer was filed subsequently, to wit, on October 10, 1905. The testimony taken under said petition and answer was concluded on April 27, 1906, and argument of counsel heard by me on May 25, 1906.

"On September 19, 1906, I filed an opinion and entered an order directing the bankrupt to pay to his trustee the sum of $8,022.45. On September 28, 1906, the bankrupt filed exceptions to my said opinion and findings, and also filed an affidavit in support of a motion to revoke the said order. After further hearing I filed a supplemental opinion, dismissing the said exceptions, on January 23, 1907. On February 26, 1907, the bankrupt filed a petition to revoke my said order, and on March 12, 1907, the trustee filed his answer to the said petition. Further testimony was taken, and on February 24, 1908, I filed an opinion and order reducing the sum of the original order of $8,022.45 by $4,875, and revoking the said order as to the balance of $3,147.45. On February 26, 1908, the trustee, by his attorney, filed exceptions to my said order, together with a request to certify the same, together with the record, to the District Court."

The trustee objects that the referee had no power to reduce the amount of the original order to $3,147.45 and then to revoke the order as to such balance. In the light of the opinion of this court in Re Greek Mfg. Co., 21 Am. Bankr. Rep. 111, 164 Fed. 211—of which the referee could have had no knowledge in February, 1908, since the opinion was not delivered until the following September—it must be declared that the order of revocation was erroneous. In the case just cited it was held that under general order 27 (32 C. C. A. xxvii, 89 Fed. xi), and a rule of this court that was made in December, 1904, an order of a referee may only be reviewed by petition presented to the referee within 10 days (unless the petition be afterwards allowed by a judge of the District Court), and therefore that a referee might not review his own order upon exceptions thereto. If this decision is correct, it follows that as the order of September 19, 1906, was never properly brought up to the District Court for review, it became final after September 29th. But, even if the bankrupt's exceptions to that order operated to suspend its effect, the suspension was removed at the latest on January 23, 1907, when the exceptions were dismissed, and a certificate of review could only have been granted by the referee within 10 days thereafter. It was more than a month afterwards, how-

ever, before the petition to revoke was filed and entertained, and it is the order made upon this petition that is now complained of. Upon the hearing of the petition to revoke, the bankrupt accounted for $4,875 of the amount with which the referee had originally charged him on September 19, 1906, and as no objection is made to this credit it may stand (irregular as the credit is), in order to avoid the necessity of proving it a second time before the District Court. As to the balance of $3,147.45, however, the action of the referee cannot be sustained; and it is therefore directed that his revocation be set aside, and that the original order of September 19, 1906, be affirmed as to $3,147.45 thereof.