## In re T. M. LESHER & SON.

### (District Court, E. D. Pennsylvania. February 25, 1910.)

### No. 1,445.

1. BANKRUPTCY (§ 342½*)—PROCEEDINGS BEFORE REFEREE—REVIEW BY COURT —TIME FOR PETITION.

Under General Order in Bankruptcy No. 27 (89 Fed. xi, 32 C. C. A. xxvii), providing that, when a creditor shall desire a review by the judge of any order by the referee, he shall file with the referee his petition therefor, and the referee shall certify to the judge the question presented and a summary of the evidence, and a rule of court that, unless the petition be afterwards allowed by a judge of the District Court, a review of any order of a referee must be asked by a petition to him before the expiration of the tenth day after the order, where the referee on November 18th disallowed a claim, and subsequently the petitioner asked and obtained permission to take testimony in support of the claim, and on February 9th the referee declined to change his former order, and the record of the proceeding was transcribed and filed on February 17th, a petition for review presented to the District Court on February 21st was not in time; the proceedings, subsequent to the original order, being without any effect whatever.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 530; Dec. Dig. § 342½.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. BANKRUPTCY (§ 326*)—ADMINISTRATION OF ESTATE—OFFSET.

Under Bankr. Act July 1, 1898, c. 541, § 68a, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3450), providing that, in all cases of mutual debts or credits between the estate of a bankrupt and a creditor, the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid, a claim from promissory notes of a partner cannot be set off against a judgment on behalf of the firm; the debts not being in the same right.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 514; Dec. Dig. § 326.*]

3. BANKRUPTCY (§ 326*)—ADMINISTRATION OF ESTATE—OFFSET.

Under Bankr. Act July 1, 1898, c. 541, § 68a, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3450), providing that, in all cases of mutual debts or credits between the estate of a bankrupt and a creditor, the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid, a creditor is entitled to prove only the balance in his favor; and, where the bankrupt's claim exceeds his, his remedy is in the court in which the claim against him is sought to be enforced.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 514; Dec. Dig. § 326.*]

In the matter of the bankruptcy of T. M. Lesher & Son. On petition to direct referee to certify question for review. Refused.

Edward J. & James W. Fox, for petitioner.

Frank Reeder, for bankrupt.

J. B. McPHERSON, District Judge. On November 18, 1909, the referee rejected a claim that had been offered by the present petitioner, Andrew Radel, against the bankrupt estate. In order to obtain a review of the referee's action, the petitioner should have asked for a

certificate within 10 days, in conformity with the practice established for this district in December, 1904, by the following rule of court:

"Unless the petition be afterwards allowed by a judge of the District Court for cause shown after notice to opposing interests, a review of any action or order of a referee must be asked for by petition presented to him before the expiration of the tenth day after such action is taken or order is made, with this exception, namely, a review of the admission or rejection of evidence, if such admission or rejection has been duly objected to at the time, may be asked for within ten days after the referee has filed his decision in the proceeding wherein the evidence was offered. Referees are instructed to disregard petitions for review when presented after the expiration of the period named, unless accompanied by an order of allowance from a judge of the District Court. Prompt notice of filing of decisions upon any subject shall be given by the referee to counsel interested."

The effect of this rule, taken in connection with General Order 27 (89 Fed. xi, 32 C. C. A. xxvii), was considered in Re Greek Manufacturing Co. (D. C.) 21 Am. Bankr. Rep. 111, 164 Fed. 211, and the court decided that under the rule and the General Order a decision of a referee may only be reviewed by petition, and that such petition must be presented within the period specified by the rule, or afterwards only upon special allowance by one of the judges; otherwise, the referee's order (unless, perhaps, when it is obviously beyond his jurisdiction) is no longer subject to review after the 10 days have expired. And it was also decided that an order once entered is not subject to be reviewed or altered by the referee himself.

Within 10 days from November 18th, therefore, the petitioner should have asked the referee to certify his order of rejection for review. Instead of taking this course, however, the petitioner asked and obtained permission to take testimony in support of the claim. After the witnesses had been heard, the referee on February 9, 1910, declined to change the order of November 18th. The petitioner then goes on to say:

"The record of which proceeding was transcribed and filed on the 17th day of February, 1910."

This apparently means filed before the referee himself, for no such paper is on file in the District Court. But, whatever it means, its probable object is to furnish a plausible foundation for the argument that the petition now under consideration is in time, because it was presented to the District Court on February 21st. But the date from which the period of 10 days referred to in the rule should be counted is not February 17th, but November 18th, when the referee rejected the claim. The subsequent proceedings before him were without warrant, and should be wholly disregarded. Following In re Greek Manufacturing Co., therefore, the petition must be refused, unless it shows sufficient cause to move the discretion of the court under the first clause of the rule.

Upon this point it is only necessary to say that I find nothing in the averments of the petition that calls for the special allowance of a certificate of review. The adjudication was entered in September, 1902, and the claim was not presented until November, 1909, more than seven years afterward. Unless it is saved by some other provision of the act, it is expressly denied allowance by section 57n (Act July 1,

1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3444]). The claim has not been in litigation, and the only ground upon which it can possibly stand is the provision of section 68a:

"In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor, the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid."

Assuming the claim to be "provable," and not to be barred either by the statute of limitations or by section 57n—Railway Co. v. Graham (C. C. A.) 145 Fed. 809, 76 C. C. A. 385—the further objection still remains that a situation of "mutual debts or mutual credits" was not presented when the petition in bankruptcy was filed. The claim is based on two promissory notes of T. M. Lesher as an individual, but these are to be set off against a judgment that was recovered against the petitioner on behalf of the firm of T. M. Lesher & Son by the trustee in bankruptcy in a suit for unliquidated damages ex contractu. Section 68a does not apply to such a case, the debts not being in the same right. Collier (7th Ed.) p. 796; Loveland (3d Ed.) p. 375; Brandenburg (3d Ed.) pp. 724, 725; Gray v. Rollo, 85 U. S. 629, 21 L. Ed. 927.

And this also may perhaps be said: Section 68a seems to contemplate that, if a creditor's debt against the bankrupt is greater than the bankrupt's debt against him, he shall only prove for the balance. But here (assuming the debts to be in the same right) the petitioner is seeking to prove his whole debt, and not merely the balance—if in fact the balance is in his favor. If, however, a creditor's debt against the bankrupt is less than the bankrupt's debt against him, the time for a set-off would seem to be when the creditor is sued, and the place the forum in which the suit is brought. If, therefore, the petitioner has any equitable ground on which to ask for a set-off against the trustee, his remedy would seem to be in the court which rendered and controls the judgment.

I can see no good reason for interfering with the ordinary operation of the rule already quoted.

The petition is refused.