## In re DAVID.

Circuit Court of Appeals, Third Circuit.
May 1, 1929.

Elwood G. Hubert, of Washington, D. C., for appellant.

A. B. Magee, of Dover, Del., and Joseph D. Morelli, of Philadelphia, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. William R. David and Jennie V. David, claimants in the above entitled bankruptcy proceeding, by separate petitions based on different facts but alleging and complaining of like procedural errors, pray that this court issue writs of certiorari to the District Court of the United States for the District of Delaware directing it to certify the record in the above entitled cause to this court for review and correction. As grounds for these unusual applications the claimants recite at length their controversies with the trustee in bankruptcy, tried before a referee to whom the bankruptcy case had been referred and decided adversely to them in January and March of 1928. They then allege that in September of that year—more than six months later—they petitioned the referee for review of his orders by the District Court, and that the referee denied their petitions for the reason, formally stated, that the orders they sought to have reviewed had been made more than ten days previous to the filing of the petitions. To this action of the referee the petitioners excepted and thereafter (and, indeed, theretofore) attempted to file in the District Court petitions for writs of certiorari to be directed to the referee commanding him to certify the record in the bankruptcy case to that court for review and correction. The Clerk of the District Court, evidently having in mind that court's ten day rule for review of an order of a referee which had not been observed, and not being informed of this novel procedure of review, declined to file the petitions for writs of certiorari to the referee. This action of the Clerk is, seemingly, the gravamen of the petitioners' attack on the record which they now ask this court to order up and correct. But the Clerk's action cannot be thus attacked or the record be thus reviewed because the petitioners themselves show by their petitions now before us that, on a record as they would have it made, they were without right to the remedy they sought in the District Court and also are without right to a like supplemental remedy in this court, and for this reason:

The petitioners, realizing that on the face of the record they are barred from further litigating their controversies with the trustee through review by the District Court because of their failure to petition the referee (General Order 27 [see 11 USCA § 53]) for certificates of review within ten days after his orders were made, as prescribed by rule of the District Court, endeavor to put that rule out of their way by claiming that, if not exactly invalid, it is without binding force under Section 23 of the Bankruptcy Act (11 USCA § 46) which confers jurisdiction in bankruptcy on federal courts (not here pertinent), under Section 59(f) of the Act (11 USCA § 95) which authorizes creditors other than original petitioners "at any time" to enter appearance and be heard in favor of or in opposition to "the prayer of the petition" (also not here pertinent), and particularly under General Order in Bankruptcy 27 which provides that "When a * * * creditor * * * or other person shall desire a review by the judge of any order made by the referee, he shall file with the referee his petition therefor, setting out the error complained of; and the referee shall forthwith certify to the judge the questions presented,

a summary of the evidence relating thereto, and the finding and order of the referee thereon." Conformably with this general order, which as the petitioners point out does not limit the time within which a petition for review shall be filed with the referee, many district courts of the United States sitting in bankruptcy have, in order to expedite proceedings, promulgated rules of which the one promulgated by the District Court of the United States for the District of Delaware, as long ago as 1906, is:

"All petitions for a review of an order of a Referee in Bankruptcy of this Court, under General Order 27 of the Supreme Court in Bankruptcy, shall be filed within ten days after such order is made."

Although no time within which a petition for review must be filed is specified in the statute or general orders, the fixation of a time, as by the rule of the District Court in question, is manifestly not in violation of or in conflict with any superior law or orders. It is a requirement which a District Court may, within its own powers, exact in the orderly administration of justice if the time be not unreasonable and thereby tend to defeat justice. Long practice under this rule and like rules of other courts has demonstrated that the time is reasonable. Should a person fail to observe the rule—which is what happened here—he will of course forfeit the advantage which, by observing it, the rule affords him. Of this advantage he cannot later avail himself by a writ of certiorari, appeal or other indirect process, for the method of reviewing an order of a referee, prescribed by General Order 27 and the supplemental rule of the District Court is exclusive. In re Greek Mfg. Co. (D. C.) 164 F. 211; In re Marks (D. C.) 171 F. 281.

The petitions are dismissed.