### In re BARTA.

### In re COMPTON.

### Nos. 21184–S, 21185–S.

District Court, N. D. California, S. D.
Sept. 15, 1932.

Rittenhouse & Snyder, of Santa Cruz, Cal., for bankrupts.

ST. SURE, District Judge.

Petition to review the referee's order was presented by a creditor of the bankrupt fourteen days after the expiration of the ten-day limitation fixed by rule 9 of this court.

The right to review a referee's order is given by section 2, subd. 10, of the Bankruptcy Act, 11 USCA § 11 (10). The method by which that right is exercised is prescribed by General Order 27 (11 USCA § 53). As the general order does not fix the time within which the petition for review may be filed, our District Court has promulgated rule 9, fixing the time at ten days. "The general order and the rule of court have the force of law." In re L. & R. Wister & Co. (C. C. A.) 237 F. 793, 795, certiorari denied 244 U. S. 652, 37 S. Ct. 650, 61 L. Ed. 1372. In that case (page 795 of 237 F.) the court said it is going rather far to hold that a court of bankruptcy "will reach into its general equity powers and find a means to restore to a person a right which is conferred upon him by statute and which he has lost by his own neglect."

The cases consistently hold that the court is bound by the time fixed by the court rule. In re Isert (D. C.) 232 F. 484; In re Greek Mfg. Co. (D. C.) 164 F. 211; In re Marks (D. C.) 171 F. 281; In re T. M. Lesher & Sons (D. C.) 176 F. 650; In re L. & R. Wister & Co., supra; In re Hull's Estate (C. C. A.) 240 F. 101; In re David (C. C. A.) 33 F.(2d) 748.

The petition for review will be dismissed.