## In re GOUSE et al.
### No. 7677.

District Court, M. D. Pennsylvania.
May 24, 1934.

F. J. Templeton, of Carlisle, Pa., for petitioner.

T. Ralph Jacobs and Joseph T. McKeehan, both of Carlisle, Pa., for Carlisle Bank & Trust Co.

JOHNSON, District Judge.

The proceeding before this court is a petition of John M. Rudy to review the referee's order of October 7, 1933, which is as follows: "And now, October 7, 1933, after hearing adverse interests, it is ordered that the claim of John M. Rudy is allowed against the estate of John A. Gouse, Sr. and John A. Gouse, Jr., trading as Pennsylvania Garage, and that said claim is disallowed against the estate of John A. Gouse, Sr., individually." On October 13, 1933, John M. Rudy excepted to this order, and on October 18, 1933, the referee dismissed the exception, whereupon on October 27, 1933, the petition for review now before this court was filed.

It is contended on the part of the Carlisle Deposit Bank & Trust Company, a creditor, that the petition for review cannot be entertained because it was not filed as prescribed by Bankruptcy Rule 23, within 10 days after the order of October 7, 1933, was made.

The exception filed on October 13, 1933, cannot be considered as a petition for review, and clearly shows it was not so intended, as it is directed to the referee and not to the District Court, and because the procedure for review has not been followed.

The questions for determination are:

(1) Whether the referee in bankruptcy may review and reconsider a claim filed against a bankrupt estate which has previously been disallowed.

(2) Whether the time for filing a petition for review to the District Court begins to run from the date of the ruling upon exceptions to an order disallowing a claim, or whether the time for filing a petition for review begins to run from the date on which the claim has been disallowed.

If a referee has no power to reconsider claims which have been disallowed, exceptions filed with a view of having the claims reconsidered by the referee cannot enlarge the time for the filing of a petition for review.

In Re Tomlinson & Dye, Inc., Tulsa, Okl. (D. C.) 3 F. Supp. 800, 802, a case very similar to the instant one, the court said:

"There can be no doubt that claims which have been allowed may be reconsidered for cause and be reallowed or rejected in whole or in part, and that a petition for rehearing may be presented at any time prior to the closing of the estate. * * * However, the power of the referee to reconsider claims is limited to the expunging or diminishing of them. It does not extend to a reconsideration of claims which have been disallowed for the purpose of allowing or increasing them. * * *

"There can be no doubt from the authorities, and from the General Order of the Supreme Court, that a referee is without authority to re-examine or reallow a claim which has been disallowed. It can make no difference whether the review is sought before the referee by a motion for rehearing, a petition for that purpose, or by exceptions. The proceeding for a review of an order of the referee is by a petition for review to the District Judge, and the authority of a referee cannot be enlarged by the filing of a motion for rehearing."

The learned court in the Tomlinson Case then concluded as follows: "I have no hesitancy in concluding, from a consideration of the authorities, that a referee is without authority to re-examine or reallow a claim which has been disallowed. It is equally well established that the procedure for obtaining a review of an order of a referee disallowing a claim is limited to the filing of a petition for review to the district judge, and that the petition must be filed within the time fixed by rule, or if no rule has been adopted, within a reasonable time. Failure to file a petition for review within the period fixed by rule is fatal to the procedure, the reason therefor being in the interest of a speedy administration of the affairs of bankrupt estates."

The conclusion reached in the Tomlinson Case is supported by numerous cases: In re Greek Mfg. Co. (D. C. E. D. Pa.) 164 F. 211; In re Marks (D. C. E. D. Pa.) 171 F. 281; In re T. M. Lesher & Son (D. C. E. D. Pa.) 176 F. 650; In re Faerstein et al. (C. C. A.) 58 F.(2d) 942; In re Chambers, Calder & Co. (D. C.) 6 A. B. R. 707. (Referee's opinion).

The proceedings subsequent to the original order of the referee were without any effect whatsoever, In re T. M. Lesher & Son, supra; and since the petition for review was not filed within ten days after the order was made, the petition for review must be dismissed. It is so ordered.