In re MANDELL.

No. 25224.

District Court, E. D. New York.

Jan. 11, 1938.

David Haar, of New York City (Robert H. Epstein, of New York City, of counsel), for the motion.

Warren M. Caro, of New York City, opposed.

CAMPBELL, District Judge.

This is a hearing on a petition to review an order made by the referee dated August 13, 1937, which denied a resettlement of the referee's order dated February 7, 1935.

On June 21, 1934, the trustee moved for a reduction of the claim theretofore filed

by Daniel Lowenthal, as executor of the estate of Kaufman Mandell, from the sum of $30,175.58. The grounds of the application were that the claimant was a secured creditor and that the claim should be reduced by the amount of the security.

A stipulation was entered into between the trustee and the attorney for the claimant, that an appraisal be had, under the rules of the court, to fix the value of the securities to determine the exact amount of the claim. Subsequently, and on January 31, 1935, following the filing of the appraisers' report, it was stipulated in open court that the value of the securities be fixed at $5,000 and that the claim be reduced accordingly to $25,175.58.

Thereafter, and on February 7, 1935, the referee made an order which contained the following provision: "Ordered that the claim of Daniel Lowenthal as executor of the estate of Kaufman Mandell heretofore filed herein in the sum of $30,175.58 be reduced to the sum of $25,175.58, and allowed in such amount without prejudice to the rights of the said claimant to the said security now held by."

At the time that order was submitted to the referee, on behalf of the trustee, there was also submitted, on behalf of the claimant, a proposed order in which was a provision substantially the same as the proposed order sought on the resettlement asked and denied.

No petition to review that order was filed by the claimant, within ten days after the making of the order, as required by rule 23 of the Bankruptcy Rules of this court, nor has a petition to review that order ever been filed.

On August 6, 1937, more than two years after making of the order of February 7, 1935 the claimant moved before the referee for a resettlement, seeking then to materially change the order of February 7, 1935, so as to foreclose the trustee of his equity in the security.

The referee, finding that the original order of February 7, 1935, correctly incorporated his decision, denied the motion for resettlement, and on August 13, 1937, made the order which it is sought to review herein.

The claimant's petition to review the order of August 13, 1937, which denied his motion for resettlement, is in effect an attempt by indirection to review the original order of February 7, 1935, which he never sought to review, and to effect a material change in the substance of the original.

The purpose of a motion to resettle is to correct or clarify a decision, and it is never available as a means of changing or amplifying the decision of the court. Carmody's New York Practice, vol. 1, §§ 388–399, pp. 562 and 563; Ruland v. Tuthill, 187 App. Div. 314, 175 N.Y.S. 467.

The resettlement of the order was not sought to correct an error, or clarify the original order of February 7, 1935, but to change the entire meaning and purport of the original order by foreclosing the trustee's equity in the security which the referee, in signing what became the original order and refusing to sign the proposed offer submitted on behalf of claimant, declined to do.

The original order represented what the referee intended to do, and he has so found.

The referee had jurisdiction, and, having ruled that his order should not be amended, this court will not assume that the referee intended other than he has found.

If the claimant was aggrieved by the original order of February 7, 1935, he should have sought to review it, and he cannot now by an attempt to resettle extend the time to review the original order.

A discussion on the merits is unnecessary, in view of what I have hereinbefore shown, but, in passing, I would say that I am in entire accord with the opinion of the referee, and believe that the original order was properly made, and that the case of In re National Public Service Corporation, 2 Cir., 88 F.2d 19, relied upon by claimant, is not an authority to the contrary.

The order of August 13, 1937, which denied the motion for resettlement of the original order of February 7, 1935, in this case, is not appealable, In re Gouse et al., D. C., 7 F.Supp. 106; Mackenzie v. Marine Midland Trust Company of New York, 243 App.Div. 563, 276 N.Y.S. 209; and, if it was appealable, the motion for resettlement was properly denied on the law and facts.

The petition to review is overruled, and denied, and the order of the referee of August 13, 1937, which it is sought to review herein, is confirmed.