**In the Matter of Allen PLOTKIN, Bankrupt.**

United States District Court
S. D. New York.

Nov. 4, 1965.

Oppenheim & Oppenheim, Monticello, N. Y., for bankrupt, Stephen L. Oppenheim, Monticello, N. Y., of counsel.

Rosen & Rosen, Monticello, N. Y., for Frances Sternberg, etc. objecting credi-tor, Robert M. Rosen, Monticello, N. Y., of counsel.

MacMAHON, District Judge.

In the matter before us, the Referee in Bankruptcy entered two different orders on two different dates. Each discharged the bankrupt over a creditor's objection. The question is which of the orders determines whether the creditor's petition to review is timely under Section 39, sub. c of the Bankruptcy Act, as amended, 11 U.S.C. § 67, sub. c (1964).

The facts are clear and undisputed. The referee entered his first order on July 30, 1965. The order was mailed August 2 and received August 7 by the attorney for the objecting creditor. The creditor attempted to file a petition for review on August 11, but the referee returned it as untimely because it had not been filed within ten days after the order was entered and no extension of time had been sought within that period as required by § 39, sub. c. On September 13, however, upon motion by the objecting creditor, the referee revoked the order of July 30 and entered a second order also discharging the bankrupt over the credi-tor's objection. Three days later, on September 16, the creditor, having merely changed a date, filed the same petition for review. The bankrupt now moves to dismiss that petition and also petitions for review of the second order.

In an attempt to show that the second order is the determinative one from which her time to petition for review should be measured, the creditor argues that the first order was not an "order" at all but only a "decision." In support of this, she directs our attention to two of the local bankruptcy rules.[1] Rule 21 (a) requires the referee to "make and file decisions within two months ,after final submission;" Rule 21(b) requires the parties to settle "order[s]" on notice, "unless the referee otherwise directs." The objecting creditor suggests that the first order could not be an "order" be-

---

1. Bankruptcy Rules of United States District Courts for the Southern and Eastern Districts of New York, effective November 1, 1964.

cause it was not settled on notice or in a manner otherwise directed by the referee. Thus, she concludes, the first order must have been the "decision" contemplated by Rule 21(a), and the second order, the "order." This is logic which numbs the mind.

▮ Rule 21(a) does not require a formal decision preceding the order, and we see no reason why the earlier order cannot stand alone as both "decision" and "order." When the referee signed it, he sufficiently indicated to the contesting parties that it was to be entered without notice. We think such a procedure complies with Rule 21(b). The purpose of that rule is to provide contesting parties with an opportunity to submit opposing orders in cases requiring *detailed* relief. Here, however, the relief was so simple that a short form order [2] was used, requiring only the filling in of names, dates, and places, and the striking out of irrelevant phrases. Under the circumstances, Rule 21(b) is satisfied by the mere entry of order without any prior notice to the parties.

▮ There can, of course, be no question that the first order was an "order." It is clearly labeled "order" and is even referred to as such in the creditor's moving papers. The referee himself regarded the order as final, as is evident from his returning the creditor's original petition as untimely. Finally, the order itself signals a final determination by granting the discharge over all objections. Cf. United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 232, 78 S.Ct. 674, 2 L.Ed.2d 721 (1958).

▮ While a referee is normally empowered to resettle an order, the referee in this case did not reconsider any issue involving the merits. See Indemnity Ins. Co. of North America v. Reisley, 153 F.2d 296 (2d Cir. 1945), cert. denied, 328 U.S. 857, 66 S.Ct. 1349, 90 L.Ed. 1629 (1946). In the face of this, to up-

hold the second order would be to permit the referee to renew or extend the time to petition for review in a manner not permitted by the Bankruptcy Act. See United States v. F. & M. Schaefer Brewing Co., supra; Cohen v. Plateau Natural Gas Co., 303 F.2d 273 (10th Cir.), cert. denied, 371 U.S. 825, 83 S.Ct. 45, 9 L. Ed.2d 64 (1962); Bowles v. Rice, 152 F. 2d 543 (6th Cir. 1946). Since we cannot assume that the referee intended this, see United States v. F. & M. Schaefer Brewing Co., supra, 356 U.S. at 235, 78 S.Ct. 674, we are constrained to hold that the second order, as well as the order revoking the first, are nullities. Section 39, sub. c was designed to provide prompt finality to referees' orders, 2 Collier, Bankruptcy ¶¶ 39.20 [3]–[4.1], at pp. 1495–96 (1964 ed.), and this court will not permit it to be emasculated without good cause. In re Mandell, 21 F.Supp. 768 (E.D.N.Y.1938).

▮ The fact that notice of entry of the first order was delayed a few days in the mail does not mean that the period in which to petition for review was tolled, Fed.R.Civ.P. 77(d); 2 Collier, Bankruptcy ¶ 39.20 [2], n. 10, at p. 1494 (1964 ed.), especially where the objecting creditor actually received notice within ten days after entry. The delay in the mails could only be relevant on an *application* to extend the time for filing a petition to review. 2 Collier, Bankruptcy ¶ 39.20 [4], at p. 1495 (1964 ed.).

Accordingly, the resettled order of September 13 is vacated, and the original order of July 30 reinstated. The creditor's petition to review, filed September 16, is thus untimely, and the bankrupt's motion to dismiss it is therefore granted. Bankrupt's petition for review of the September 13 order is dismissed *sua sponte* since it too was not filed within the permissible period.

So ordered.

---

2. Form No. 45. Discharge of Bankrupt. Promulgated by the United States Su-
preme Court pursuant to former § 30 of the Bankruptcy Act.