## GOODMAN v. STREET.
### No. 6960.

Circuit Court of Appeals, Ninth Circuit.

June 6, 1933.

George M. Naus and Goodman, Bachrack & Brownstone, all of San Francisco, Cal., for appellant.

Jesse A. Mueller, of San Francisco, Cal., for appellee.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

MACK, Circuit Judge.

The attorney for the trustee filed a petition to review the allowance of his attorney's fees by the referee who had disallowed in part the amount claimed by him. At the same time that this attorney's fee was fixed, the referee passed on the trustee's final account, and also on application by the attorney for the original receiver in bankruptcy, for an allowance of $500 to him as compensation for his services as such attorney.

The only petition to revise filed in the District Court was by the attorney for the trustee. At the hearing thereof the court confirmed the order of the referee as to the allowance to trustee's attorney and as to trustee's account, except only that the $500 to the attorney for the receiver was disallowed. This disallowance is the subject-matter of the present appeal by the receiver's attorney.

It is apparent from the opinion of the District Judge [1] that the disallowance was

[1] Not for publication.

based upon his view that the receivership terminated automatically on the election of the trustee, and that therefore no allowance whatsoever could be made for any legal services thereafter rendered to the receiver. The question, therefore, is whether under any circumstances an allowance may lawfully be made for legal services rendered to the receiver after the trustee shall have qualified.

The receiver is not automatically discharged by such qualification. His powers and duties are thereby necessarily changed, but as long as he remains receiver, in so far as he may properly require legal services, compensation may be allowed therefor. He may be a party to pending litigation and may require legal aid even for the substitution therein of the trustee. He must file a final report. This may be so simple as not to require any legal services from his attorney; and it may, on the other hand, be of such a character as to make such services absolutely essential.

It is the duty of the referee in the first instance to pass upon the necessity for such services as may have been rendered to the receiver by his attorney, and to determine the proper compensation therefor. Such matters are, however, subject to review and reconsideration by the District Judge.

Naturally, we express no opinion as to whether any compensation should be allowed to appellant for any services rendered by him to the receiver. He is entitled, however, to have the referee and the court duly consider and determine the matter on hearing thereof. The action of the court in this case was without notice or opportunity to appellant to be heard.

Appellant contends that inasmuch as no petition under General Order 27 (11 USCA § 53) for review of the referee's order allowing his fees was ever filed, the District Court was without jurisdiction to review that order. We concur, however, in the views expressed in Re De Ran, 260 F. 732 (C. C. A. 6, 1919), and in Re Stillwell, 12 F.(2d) 205 (C. C. A. 6, 1926), that the District Court is empowered at any time before the estate is closed to review, without petition, the action of the referee in administrative matters such as the allowance of compensation.

The order of the District Judge will be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.