PATENTS PROCESS, Inc., et al. v. DURST et al.

No. 7053.

Circuit Court of Appeals, Ninth Circuit.

Feb. 23, 1934.

Hiram E. Casey, of Los Angeles, Cal., for appellants.

Henry E. Bianchi, of Los Angeles, Cal., for appellees.

Before WILBUR and GARRECHT, Circuit Judges, and NORCROSS, District Judge.

WILBUR, Circuit Judge.

Patents Process, Inc., a corporation, is the alter ego of Frank D. Williams. Bankruptcy proceedings were filed against both and the proceedings were consolidated. The adjudication of bankruptcy was made on November 14, 1929. Prior thereto an action had been brought by Mildred E. Williams against Frank D. Williams and Patents Process, Inc. Harry Schenck was appointed receiver for the Patents Process, Inc. After the election and qualification of appellee Walter C. Durst as trustee in bankruptcy for the appellants, a turnover order was procured by the said trustee, in pursuance of which all the assets of the Patents Process, Inc., were turned over by Harry Schenck, the receiver, to the trustee. Thereafter Harry Schenck filed his report and account of his receivership which came on regularly for hearing before the referee. The report requested an allowance for the receiver and the referee for services performed in the receivership matter before the bankruptcy proceedings were instituted. The appellant objected to the report and account and to the allowance of fees claimed by the receiver.

The hearing was had, evidence introduced, and on February 18, 1931, the referee made an order approving the report of the receiver and allowing certain claims for fees as follows:

To Harry Schenck, the sum of......$2,500.
To Harry Schenck, as compensation for the services of his attorneys Joseph Fainer and Phil Dodson,...... 3,500.
To Harry Schenck for the use of his automobile ..................... 225.

No petition for review or appeal was taken from this order.

The rule of the District Court wherein the matter was pending provided that a petition for review under General Order 27 (11 USCA § 53) of the general orders in bankruptcy must be filed with the referee within ten days from the date of notice of such order. Such a rule limiting the right of appeal to ten days is held valid in Re David (C. C. A.) 33 F.(2d) 748; Roberts Auto & Radio Supply Co. v. Dattle (C. C. A.) 44 F.(2d) 159. And in the absence of such a rule petition for review must be made within a reasonable time. In re Octave Mining Co. (D. C.) 212 F. 457; In re Faerstein (C. C. A.) 58 F.(2d) 942. Thereafter, in January, 1932, the appellee, as trustee in bankruptcy, filed his report and account. The appellant filed objections to the allowances therein reported made by the order of February 18, 1931. On this hearing Harry Schenck, the receiver in the equity suit above mentioned, Phil Dodson and Joseph Fainer, his attorneys, and Lillian M. Schenck were made parties to the proceeding. A hearing was had on such objections and on March 28, 1932, the referee approved the account and report of the receiver. From this order Frank D. Williams petitioned the District Court for a review. This petition came on for hearing before the district judge and on December 17, 1932, the order of the referee was approved. On January 16th the district judge allowed an appeal from the order of December 17, 1932, approving the report of the referee as above stated. The appellee's affidavit in support of this motion states that the bankrupt estate totaled approximately $68,000; that from that amount he has paid the claims for receiver's fees and attorneys' fees allowed by the orders of February 18, 1931, and March 28, 1932, and that all the creditors of the bankrupt have been paid in full. It should be repeated that the claims here involved are not those of the receiver and attorneys in the bankruptcy proceeding, as in the case of Goodman v. Street (C. C. A.) 65 F.(2d) 686, but are amounts allowed as proper claims against the bankrupt estate for services rendered before the bankruptcy, the power to make such allowances having been transferred by the bankruptcy proceedings from the Superior Court in which the receivership was pending, to the bankruptcy court. Moore v. Scott (C. C. A.) 55 F.(2d) 863. The order of February 18, 1931, allowing these claims has become final. The referee himself could not set it aside. In re Faerstein (C. C. A.) 58 F.(2d) 942. See, also, In re Marks (D. C.) 171 F. 281; In re Greek Mfg. Co. (D. C.) 164 F. 211. In order to attack this allowance it

was necessary that a petition for review be filed in the District Court within ten days. This was not done and no appeal to this court lies from the order of the referee except by way of petition to review and an appeal from the order of the District Court on the petition. In re Home Discount Co. (D. C.) 147 F. 538; Knapp & Spencer Co. v. Drew (C. C. A.) 160 F. 413. We think this conclusion also logically results from the decision of the Circuit Court of Appeals in the Seventh Circuit in Re Gelino's, Inc., 51 F.(2d) 875, where it was held that there was no appeal from an order denying a petition to set aside an order disallowing a part of the creditors' claim. The court held that the appeal should have been taken from the original order disallowing the claim and could not be taken from the order refusing to reconsider the former order.

In view of this situation the order of the referee of March 28, 1932, approving the account of the trustee and the order of the District Court approving the referee's order do not constitute the allowance of the claim within the meaning of the Bankruptcy Act which provides for an appeal from an order of the District Court allowing a claim (11 USCA § 48). The order of the District Court of December 17, 1932, appealed from, in so far as it directed the payment of the claims already allowed, was a proceeding in bankruptcy as to which it was necessary to have the appeal allowed by this court (11 USCA § 47, Bankruptcy Act, § 24).

Appeal dismissed.