FAZAKERLY v. E. KAHN'S SONS CO. et al.
No. 7485.

Circuit Court of Appeals, Fifth Circuit.
Jan. 23, 1935.

Earl Brewer, of Jackson, Miss., for appellant.

Marcellus Green, Garner Wynn Green, Forrest B. Jackson, John Harvey Thompson, and R. H. Thompson, all of Jackson, Miss., for appellees.

Before SIBLEY, HUTCHESON, and WALKER, Circuit Judges.

HUTCHESON, Circuit Judge.

This appeal is from an order declaring a cause of action for damages the bankrupt claims, and has brought suit on, as his, to be the property of his estate, and directing its sale.

Seen through a cloud of procedural contentions, the two points the bankrupt urges on the merits are: That the claim was his by abandonment, and that, if not, it was error to direct its summary sale. Both appellant and appellee raise procedural points. Appellee moves to dismiss the appeal as defective for want of parties, and of a proper appeal bond. Appellant moves for leave to amend the bond and to cite additional parties. Appellant's motion is granted. There is no fatal defect of parties. The motion to dismiss is denied. Appellant, on his part, relies strongly on points of procedure. He urges against the order appealed from that the matters it undertakes to adjudicate were not properly before the District Judge. That they were not brought before him as required by General Order 27 (11 USCA § 53),[1] and Local Bankruptcy Rule 51,[2] by a petition for review filed within ten days of the June 7th order, which set the property aside to the bankrupt. That they were attempted to be brought up by motion filed with the referee more than thirty days afterward, asking him to set his order aside, and a petition for review of his order overruling that motion. He argues that it is settled law that except in the matter of an allowed claim, a referee exhausts his jurisdiction by exercising it. He insists that having once acted, a referee may not review his own action, and

---

[1] General Order 27. "When a bankrupt, creditor, trustee, or other person shall desire a review by the judge of any order made by the referee, he shall file with the referee his petition therefor, setting out the error complained of; and the referee shall forthwith certify to the judge the question presented, a summary of the evidence relating thereto, and the finding and order of the referee thereon."

[2] Bankruptcy Rule 51. "When a review by the judge of any order, ruling or decision of the Referee is desired, an objection shall be made at the time of the ruling, order or decision objected to, by the person objecting and desiring a review, which objection shall be noted on the record, and he shall file with the Referee his petition for a review, pursuant to General Order XXVII, within ten (10) days from the date of said order, ruling or decision. If objection be not so made and petition filed within said period of ten days, the person affected by such order, ruling or decision shall be deemed to have acquiesced therein, and to have waived all right to have the same reviewed by the judge."

that a petition to review his order overruling a motion asking him to do so brings up nothing for review. He argues therefore that the motion filed here, and the petition to review its overruling, did not serve to extend the time for reviewing the June 7th order, or bring that order up for review. On the merits he urges that without regard to the June 7th order, the complete abandonment of the claim by the trustee and its taking over and assertion by the bankrupt make the claim his, and prevent its being re-assumed by the estate. He argues further that if it is not already settled so, he should at least have an opportunity to present his claims to it to a meeting of the creditors for their action whether, in view of all that has gone, they will now formally surrender it to him, or will join with him in prosecuting it for their and his benefit. He insists that the order directing the sale of the claim, especially in view of the suspicious source of the offer to buy it, some of the creditors being some of the defendants in the suit he has brought, was not correctly or justly entered and should be reversed. A statement here of what occurred below will serve to make not only the procedural points, but those on the merits, clear.

The order appealed from was entered May 30, 1934. It reviews and reverses an order of the referee entered October 26, 1933, refusing a creditors' motion filed July 27, to vacate and set aside an order of June 7th releasing the claim to the bankrupt as exempt property. That order, which is at the bottom of the proceedings under review, was entered most informally. It was entered upon the informal request of the bankrupt's attorney that the claim be released to the bankrupt as exempt, and the information, imparted verbally and with equal informality, that the trustee would not oppose the entry of the order. It purported to release to the bankrupt as exempt property his claim against certain meat and produce packers for damages under the state and federal anti-trust laws (Code Miss. 1930, § 3436 et seq.; 15 USCA § 1 et seq.). A claim which until shortly before the entry of the order neither the referee nor the trustee knew or had heard of. It had not been listed or scheduled as an asset or otherwise brought to the attention of the creditors. There was no hearing; no notice of any kind was given the creditors; none of them except perhaps Cudahy Bros., one of those to be defendants in the claim, knew of the order or even of the existence of the claim until shortly before July 27, when the creditors' motion was filed. That motion was filed with the referee by certain of the creditors, none of them defendants in the claim, to vacate his June 7th order, and to have the trustee advertise and sell the claim for the benefit of the estate. It attacked the order as improperly and improvidently entered, because, entered without a hearing and without notice to the movants and other creditors of the bankrupt, and without adequate knowledge of the facts, it surrendered and gave away as exempt a valuable asset of the creditors, which could not in law be exempt. The referee, after a hearing on it, denied the motion. The movants excepted to this order, and within ten days thereafter petitioned for its review. The certificate of the referee on the review and the narrative statement of the evidence sent up with it shows: (1) That the claim was not listed nor scheduled by the bankrupt as one of his assets, and that it was not otherwise made known or disclosed to the trustee or the referee, until about May 1, 1933, when the bankrupt's attorney commenced negotiating with the attorney for the trustee. (2) That on or about that date the bankrupt put forward his claim to have a cause of action, against a number of packing houses, arising out of violations of state and federal anti-trust laws, and proposed that the trustee join, in filing suits, and pay part of the necessary expenses. (3) That after consultation with the trustee, his attorney reported to the referee that the trustee would not recommend joining in the suit, because he would have to advance considerable sums for expenses, because the action would delay the settlement of the estate, and because he was of the opinion that the claim was personal to the bankrupt and did not pass to the trustee, and that he would not oppose the granting of whatever kind of order the bankrupt's attorneys wanted. (4) That thereafter the order of June 7th was entered informally without hearing or notice, and without petition, on the request of the bankrupt's attorneys. They then prepared to and did, on July 28, one day after the creditors' motion was filed, sue on the claim. The suit brought against the defenders, large meat and produce packers, charged them with violations of the anti-trust laws, conspiring against plaintiff to his damage in the sum of $540,000 with $50,000 attorneys' fees. (5) That at the hearing on the motion it was made to appear that at about the time

of its filing the trustee was tentatively offered $1,500, and that certain unnamed persons were prepared to offer as much as $1,750. On these facts the referee concluded: (1) That he could not, if he would, vacate and set aside his June 7th order, and that if the motion to vacate could be considered a petition for review, it came too late, citing for these views the Matter of Tomlinson & Dye, Inc. (D. C.) 3 F. Supp. 800; Local Bankruptcy Rule 51. (2) He concluded that if he could, he ought not to set his order aside; that it had been properly entered, in view of the doubtful nature of the claim, of the expense attendant upon prosecuting it, and of the doubt he had whether a cause of action for statutory damages under the Sherman Law (15 USCA §§ 1–7, 15 note), passed to the bankrupt's estate. (3) He concluded, too, that though the order of June 7th in terms set the property aside to the bankrupt as exempt, it, taken with the action of the trustee, is amply sufficient to establish a voluntary abandonment of the claim by the trustee, a thing which a trustee may do in regard to a doubtful or burdensome asset, without any formalities.

The District Judge did not agree with the referee. He found that the order of June 7th, entered without any inquiry or proof as to the burdensomeness or worth of the claim, did not purport to be, and in fact was not, one authorizing the abandonment of worthless or burdensome property. He found that it was void on its face and in fact, as an attempt to surrender, as exempt, property in its nature nonexempt. He found, further, that the order was invalid and ineffective because entered without petition or request from the trustee, or the creditors, and without notice to them. His order was that the October 26th order of the referee be reversed; that the motion of the creditors be sustained; that the referee's June 7th order be annulled and held for naught. He further ordered that the entire matter be referred to the referee with directions to the trustee to sell, subject to the approval of the referee, such title as the estate has in and to the claim.

The bankrupt's argument adopts and follows the referee's conclusions. He urges that it is settled law that a referee exhausts his jurisdiction by exercising it; that having once acted he may not review his action, citing In re Faerstein (C. C. A.) 58 F.(2d) 942; Patents Process, Inc., et al. v. Durst (C. C. A.) 69 F.(2d) 283; In re Tomlinson & Dye, supra; In re Gouse (D. C.) 7 F. Supp. 106. That the order overruling the motion to set the June 7th order aside was therefore nugatory, and furnished nothing to appeal from, citing In re Gelino's, Inc. (C. C. A.) 51 F.(2d) 875. He argues further that if the motion to set the June 7th order aside, followed by the petition to review the referee's order on that motion, be considered an effort to review the June 7th order, it must fail, because not filed within the ten days required by the rule, citing Patents Process, Inc., v. Durst, supra; In re David (C. C. A.) 33 F.(2d) 748.

We think appellant and the referee take a too rigid view of the finality, the irrevocability of the June 7th order, and generally of the powers of the referee and the District Judge to review and set aside such orders. Flexible and liberal, proceedings in bankruptcy are in their major aspects administrative. Such proceedings are intended to be, they are, usually carried out informally. It is not to orders entered like the June 7th order was, informally and without notice or hearing, but to formal orders, entered on petition, motion, and hearing, in adversary proceedings, that the rules the bankrupt and the referee invoke, apply. Orders, improvidently entered, like the one in question here, are subject to revision and review by the referee and the District Judge informally, either without or upon motion of interested parties, at any time before the estate is closed. Anderson v. Gray (C. C. A.) 284 F. 770, 771; Goodman v. Street (C. C. A.) 65 F.(2d) 686; In re De Ran (C. C. A.) 260 F. 732; In re Stillwell (C. C. A.) 12 F.(2d) 205; In re Lahongrais (C. C. A.) 5 F.(2d) 899; In re Pettingill & Co. (C. C. A.) 137 F. 840; In re Handy-Andy Stores (D. C.) 51 F.(2d) 98; In re Webb (C. C. A.) 54 F.(2d) 1065. Such orders are never beyond the jurisdiction of the court while the estate pends. Typical instances of these are allowances to attorneys, informal surrenders of exempt and burdensome property, and other similar instances where, lacking adversary parties, adversary procedure does not apply.

We think it clear, then, that both the referee and the District Judge had the right, without regard to formal proceedings or elapsed time, to reconsider, review, and correct the referee's action in this case. Further, we think it clear that the motion of

the creditors, who had had no notice of the prior order, to set that order aside and assume jurisdiction of the claim, was not a mere application to reconsider, but a request for affirmative action toward the claim, the refusal of which the petition for review formally brought up. Nor is it any answer to the order of the judge setting aside the June 7th order without a direct petition, that if the petition to review the October 26 order may be considered as a petition to review that of June 7th, it was not filed within ten days; for it is perfectly clear that the ten-day rule quoted above applies only to formal orders of the referee, entered upon hearing and notice and as to those who, parties to the proceeding, know or have notice of the entry of the order. Whether, then, it be considered that the motion to set aside the June 7 order was a part of the machinery to review it, or whether it be considered that the order came up incidentally, in connection with the application of the creditors to have the trustee assume control of the claim in the interest of the creditors, it is perfectly clear that it was wholly within the administrative jurisdiction of the referee to reconsider it, and of the District Judge to review his action.

When we come to consider the matter on its merits, it must be kept in mind that though the question of whether the trustee must be held in law to have abandoned the claim for the estate was discussed by both the referee and the judge, the referee concluding that he must, the judge concluding otherwise, the question of where the interest of the creditors lies, whether in surrendering the assets to the bankrupt, or in joining him in prosecuting it, or in selling their interest, and what in justice and right they ought to do, was not determined by either the referee or the District Judge; and indeed it could not have been, for at no time in proceedings of which the creditors have had notice have these questions been presented to them for their decision and action.

 The bankrupt urges that there was error in the action of the District Judge in not sustaining the claim of abandonment.

He argues further that if wrong here, there was certainly error in his action in peremptorily ordering the claim sold without affording the creditors an opportunity to hear and pass upon the whole matter. He argues that the circumstances under which the creditors' motion to reconsider was filed, the fact that some of the creditors are defendants in the suit he has filed, lend a specious color to the pressure for the sale which like that in Re Webb (C. C. A.) 54 F.(2d) 1065, does not commend itself to a court of equity. We agree with the District Judge in his tacit overruling of the referee's view that the claim did not pass to the estate. We think it cannot be doubted that it did.[3] The statute [4] in terms gives a right of action to one "who has been injured in his business or property." The Bankruptcy Act § 70a (6), 11 USCA § 110 (a) (6), in terms provides that "the trustee of the estate of a bankrupt * * * shall in turn be vested with * * * rights of action arising * * * from the unlawful * * * injury to his property"; indeed, appellant does not press the point here. We agree, too, with the District Judge in the view he took that the circumstances of the case, including especially the failure to list it as an asset or otherwise disclose to the creditors the existence of the claim, are such as to prevent a finding that the action of the trustee has resulted in an abandonment of the claim, c/f Lincoln Nat. Life Co. v. Scales (C. C. A.) 62 F.(2d) 582, and we agree, too, with his action in setting aside the exempting orders of the referee, and re-referring the whole matter to him. We think, however, that there was error in that part of the order peremptorily directing a sale of the claim. The order should have been one referring the matter to the referee generally, with directions to give the creditors and the bankrupt an opportunity at a hearing upon ample notice, to canvass and determine what is wise and just to be done under the circumstances obtaining. A meeting of the creditors should be regularly called and held, under the supervision of the referee, to determine the course to be taken with regard to the claim. It should be for this meeting to say whether the estate and the bank-

**3** United Copper Co. v. Amalgamated Copper Co. (C. C. A.) 232 F. 574, 577; Imperial Film Exch. v. General Film Co. (D. C.) 244 F. 985, 986; Chandler v. Nathans (C. C. A.) 6 F.(2d) 725, 726; Ruebush v. Funk (C. C. A.) 63 F.(2d) 170, 172; Ripple v. Mortgage Co., 193 N. C. 422, 137 S. E. 156, 158; Gerli v. Silk Ass'n (D. C.) 36 F.(2d) 959; Baush, etc., Co. v. Aluminum Co. (C. C. A.) 63 F.(2d) 778; Keogh v. Chicago & N. W. R. Co., 260 U. S. 156, 43 S. Ct. 47, 67 L. Ed. 183.

**4** 15 USCA § 15.

rupt shall prosecute the claim together, whether it shall be surrendered to the bankrupt, Hobbs Tie & Timber Co. v. Isaacs (C. C. A.) 61 F.(2d) 1006, 1007; c/f In re Kirk (D. C.) 4 F. Supp. 328, or whether it shall be sold. Such meeting should, of course, take due account of and make due allowance for the services rendered, and the expenses, if any, already incurred by the bankrupt in developing and preserving the claim as an asset for the estate. It should also, of course, prevent an unjust use by interested creditors of their situation as such to force an unjust or unfair disposition of the claim. In re Webb (C. C. A.) 54 F.(2d) 1065.

The order appealed from is affirmed in part and reversed in part, for further proceedings not inconsistent herewith.