## WILLIAMS v. DURST.

No. 8422.

Circuit Court of Appeals, Ninth Circuit. Jan. 13, 1938.

---

[1] See the above quotation from the description portion of the patent.

808

Hiram E. Casey and Guy Richards Crump, both of Los Angeles, Cal., for appellant.

Lawrence Cobb and Samuel S. Gelberg, both of Los Angeles, Cal., for appellee.

Before GARRECHT, MATHEWS, and HANEY, Circuit Judges.

GARRECHT, Circuit Judge.

Appeal under section 24b of the Bankruptcy Act, as amended, 11 U.S.C.A. § 47 (b), is taken from an order of the District Court denying the petition for review of the order of the referee in bankruptcy approving and confirming the fifth and final report of the trustee, directing payment of expenses of administration, the distribution of certain assets and balance of moneys on hand, and closing the estate.

On March 12, 1936, Walter C. Durst, as trustee in bankruptcy of the estates of Patents Process, Inc., and of Frank D. Williams, filed his fifth and final report in said estates. The appellant filed his objection to the final report of the trustee and to the petition to close the estate, urging that he claimed all the residue of the money in the hands of the trustee, both as the bankrupt and as assignee of one Ray

O. Binger, the assignee of J. Wesley Smith; also that the estate was not in a condition to be closed as the title to the money remaining in the hands of the trustee was in dispute, the money being claimed by Mildred Williams, the former wife of the bankrupt and by the bankrupt, individually and as assignee of one Ray O. Binger; and that until there had been a determination of such controversy the estate could not be closed, nor could the trustee's final account be settled. Notwithstanding this objection the referee, on March 31, 1936, allowed, approved, and confirmed the said report, ordered that certain expenses of administration be paid, including $201.52 to the referee, being 1 per cent. commission on the balance of the estate distributed; ordered that certain personal property consisting of cameras and equipment be turned over to the bankrupt; and further ordered that the balance of the estate, after paying the foregoing expenses, be divided equally between Frank D. Williams and Mildred E. Williams, $10,-077.07 to each. There was also included in the order a direction to the trustee to deposit the sum of $3,600, out of the share payable to Frank D. Williams, with one L. E. Lampton, receiver in the superior court of the state of California, in and for the county of Los Angeles, in an action entitled, "John E. Dalton, plaintiff, v. Frank D. Williams and Patents Process, Inc., a corporation, defendants".

Mildred E. Williams was the former wife of appellant.

The appellant states in his brief that "It is an admitted fact that claims of all creditors had been paid in full, * * *" and this statement is not denied by appellee. See Patents Process et al. v. Durst, etc., 9 Cir., 69 F.2d 283, 284.

On April 22, 1936, the appellant filed in the District Court a petition for review of the said referee's order confirming the final report of the trustee, urging as grounds therefor that the referee erred in overruling the objections of Frank D. Williams, individually and as assignee of Ray O. Binger; in authorizing the trustee to pay the referee's commission of 1 per cent. on the sum distributed to Frank D. Williams and Mildred E. Williams; in ordering that the balance of the moneys be divided equally between said Frank and Mildred Williams; in ordering the deduction of the $3,600 from the amount so payable to Frank D. Williams.

December 12, 1936, the District Court denied the petition for review of the order of the referee. Williams filed a petition for allowance of appeal from this order under section 24b of the Bankruptcy Act in this court, which was allowed January 6, 1937.

There are four assignments of error, which may be divided into two questions: (1) The District Court erred in affirming the order of the referee and denying the petition for review without determining the controversy existing between Frank D. Williams, the bankrupt, and Mildred E. Williams, his former wife, over the ownership of the surplus moneys in the hands of the trustee; and (2) the District Court erred in affirming the order of the referee allowing himself commissions of 1 per cent. on the balance of the money distributed to the bankrupt and to Mildred E. Williams. That portion of the order providing for the payment of the $3,600 is not assigned as error.

■ On the question of referee's fees, section 40 of the Bankruptcy Act, 30 Stat. 556, as amended, 11 U.S.C.A. § 68, provides: "(a) Referees shall receive as full compensation for their services, payable after they are rendered, * * * from estates which have been administered before them 1 per centum commissions on all moneys disbursed to *creditors* by the trustee." (Italics our own.) It has been held that the creditors must have been such at the time of filing of the petition in bankruptcy. McMillan v. U. S. Fidelity & Guaranty Co. et al., 8 Cir., 22 F.2d 155, 156.

■ The money disbursed to the appellant and his former wife was not paid to creditors, but was the balance of the estate after the creditors had been paid. A creditor has been defined as "anyone who owns a demand or claim provable in bankruptcy." Bankruptcy Act, § 1(9), 11 U.S.C.A. § 1(9).

It would seem, therefore, that the trial court erred in permitting the sum of $201.52 to be included in the expenses chargeable to the estate.

■ The appellee makes the point that the referee should have been joined as an appellee, inasmuch as he is directly interested in the outcome of this phase of the case. The point is not particularly impressive, for the referee is not a party in the case, is not a creditor, but an officer of the court, whose compensation is fixed by law. "Referees in bankruptcy are public officers, * * * and officers of a court. Like public officers generally, they must show clear warrant of law before compensation will be owing to them for the performance of their public duties." Realty Associates Securities Corp. et al. v. O'Connor et al., 295 U.S. 295, 299, 55 S.Ct. 663, 665, 79 L.Ed. 1446.

■ At the hearing of this case an uncontroverted affidavit was filed by one of the appellant's counsel suggesting that the first assignment of error in the case has become moot. The affidavit states that a judgment and decree (a certified copy of which was attached, together with findings of fact and conclusions of law) was entered by the superior court of the state of California for the county of Los Angeles, in an action brought by Frank D. Williams, as plaintiff against Mildred E. Williams, whereby it was ordered and decreed that Frank D. Williams was the owner of and entitled to payment of all moneys in the hands of Walter C. Durst, trustee in bankruptcy of the estates of Patents Process, Inc., and Frank D. Williams. The affidavit further shows that the said Mildred E. Williams was ordered to execute to Frank D. Williams an assignment of all her right, title, or interest in and to the funds in the hands of trustee Durst; that Mildred E. Williams, her agents, and assigns, were permanently enjoined from receiving or collecting any part of the money from said trustee; that she attempted to take an appeal from this judgment and decree but the appeal was dismissed upon the ground that it was not taken within the time provided by law.

It thus appears that the controversy between Frank and Mildred Williams, as to their rights and ownership in the property to be distributed has been determined by a competent court. In view of the judgment and decree of the state court and without expressing any opinion on the merits of this contention between Frank D. Williams and his former wife, Mildred E. Williams, we hold that the controversy here upon that point is moot.

So far as the appeal is directed to that part of the order of the referee directing payment of $10,077.07 to Frank D. Williams and $10,077.07 to Mildred E. Williams, it is dismissed without prejudice to either of them.

810

As to the allowance of $201.52 by the referee to himself as 1 per cent. commission upon the amounts ordered distributed to the Williamses, such action being contrary to the statute, the order in that regard is reversed.

Case remanded for further proceedings consistent herewith.