**In the Matter of HARRISON-PRINGLE COMPANY, a Michigan corporation, Debtor.**

No. 45994.

United States District Court
E. D. Michigan, S. D.

Sept. 30, 1963.

Lawrence J. Verdier, John F. Rooney, Armstrong, Helm, Marshall & Schumann, Detroit, Mich., for debtor.

George W. Tobias, Detroit, Mich., for Radio Distributing Co.

FREEMAN, District Judge.

The Radio Distributing Company, a Michigan corporation, one of the creditors having a claim of about $115.00 (originally $330.85) in this Chapter XI proceeding, has petitioned for review of an order of the Referee in Bankruptcy dated March 21, 1963, declaring a previous order of February 5, 1963, by the Referee res judicata.

On January 14, 1963, the Referee in Bankruptcy permitted the Harrison-

Pringle Company to propose an amended and modified plan of arrangement under Chapter XI of the Bankruptcy Act, and a notice of hearing thereon to be held February 5, 1963, was duly mailed to the creditors, including petitioner. On February 1, 1963, petitioner filed in such proceeding a "Motion to Adjudicate Debtor Corporation a Bankrupt and for Order Requiring Repayment of Fees to Trustee by Receiver, Attorney for Receiver and Attorneys for Bankrupt." On the same date, petitioner served upon the attorneys for the said debtor and the attorneys for the receiver a notice that the aforesaid motion would be brought on for hearing on February 5, 1963. No notice of hearing on said motion was given to creditors.

When the case was called by the Referee on February 5, 1963, petitioner's motion was taken up and considered in advance of debtor's petition for modification of the plan of arrangement. In disposing of the motion, the Referee treated it as three separate motions and, among other things, stated: "As far as that part of your Motion which seeks an adjudication of the Debtor at this time will be dismissed." (Transcript p. 33) On February 7, 1963, an "Order Denying Motion to Adjudicate Debtor Corporation Bankrupt" dated February 5, 1963, drafted by attorneys for the debtor and approved as to form by petitioner's attorney, was entered by the Referee. Such order contained no statement of reasons for dismissal of the motion.

Petitioner subsequently prepared a new motion entitled "Petition to Adjudge Debtor a Bankrupt," which was, in essence, a renewal of that part of the motion filed February 1, 1963, which sought to have the debtor adjudicated a bankrupt. The new motion was in proper form according to the law and practice under Section 377 of the Bankruptcy Act, including the setting forth of an appropriate notice of hearing to all creditors and other interested parties as required under Section 377, and was duly filed in the Referee's office on February 18, 1963.

The Referee and his staff did not send out any notices of hearing on the petition filed February 18th, nor did they set any date for hearing thereon, and, on March 11, 1963, the Referee denied such petition *ex parte* in chambers on the ground that the matter was res judicata by virtue of his prior order of February 5, 1963, which is the only real issue involved in this proceeding.

█ The instant petition for review was filed in this Court and not with the Referee. Therefore, the first question confronting this Court is whether the formal requirements of Section 39, sub. c of the Bankruptcy Act in regard to the filing of a petition for review with the Referee had to be complied with. As a general rule, this must be done, but the requirements of Section 39, sub. c need not be complied with where the Referee's order is administrative, or where such order was entered in the absence of adversary proceedings, informally and without notice of hearing. Fazakerly v. E. Kahn's Sons Co. (C.C.A. 5, 1935), 75 F.2d 110; see also Thomas Corporation v. Nicholas (C.A. 5, 1955), 221 F.2d 286; 2 Collier on Bankruptcy (14th Ed.), ¶39.18, pp. 1482–1484. Since the Referee's order of March 21, 1963, was entered informally and without notice of hearing of the question of whether the order of February 5, 1963, was res judicata, the formal requirements of Section 39, sub. c did not have to be met, and petitioner is properly before this Court.

Petitioner contends that his original motion to adjudicate was dismissed because of lack of notice of hearing to all interested parties, including creditors, and was not considered on its merits. Hence, petitioner argues that the order dismissing such motion was not res judicata as to the Referee's order of March 21, 1963.

The Referee apparently viewed the petition of February 18, 1963, as a "re-

newal" of petitioner's motion of February 1, 1963, insofar as the latter sought an adjudication in bankruptcy of the debtor. Petitioner accepts this viewpoint.

■ An order on a motion is not necessarily viewed in the same light as a "judgment" when applying the doctrine of res judicata. 60 C.J.S. Motions and Orders § 65, p. 83: In re Walton Hotel Co. (Olhausen v. Walton Hotel Co.), 7 Cir., 116 F.2d 110. Petitioner concedes, however, that the doctrine can be applied to an order on a motion under certain circumstances, if there has been a full hearing on the merits, but maintains that it cannot be found either from the wording of the order dated February 5, 1963, or the oral statement of the Referee on February 5, 1963, what was intended to be adjudicated by the order, and that the only legitimate inference would seem to be that the action of the Referee was based upon irregularities in the application by petitioner for an adjudication in bankruptcy of the debtor, to-wit: failure to cause a ten-day notice to be given to creditors as required by Sec. 377 of the Act.

■ The transcript of the hearing held on February 5, 1963, shows that Radio Distributing Company's demand for the debtor's adjudication in bankruptcy was considered and indeed acted upon, even if petitioner's own motion did not cause such consideration. Relative to adjudication, the Referee stated on February 5, 1963:

"REFEREE MURPHY: Well, as to the Motion to adjudicate the Debtor Corporation, they are entitled to a ten-day notice for one thing. I don't see how it can be waived. The Statute requires it.

"MR. TOBIAS: I realize that it is a short notice, Your Honor. I thought it was discretionary with the Court, but if it isn't,—

"REFEREE MURPHY: I don't think—that is a Notice provided by the Act and the Notice requires notice to all creditors: 'upon hearing after notice to the Debtor, the creditors, and such other persons as the Court may direct' in Section 377.

\* \* \*

"MR. TOBIAS. \* \* \* I will draft another Notice so that there will be the ten days and does Your Honor wish to designate a date? Would you wish me to pick out a date? \* \* \*

"REFEREE MURPHY: Well, I think that perhaps the action on the Petition of the Debtor here may resolve the question of adjudication." (Transcript, pages 2, 3 and 4)

Further, the Referee said that an adjudication at this time would be premature (Id. 20) and that an adjudication and a forced sale would avail the creditors little (Id. 21). The Referee expressly ruled that petitioner's motion seeking an adjudication was dismissed (Id. 32, 33, 36). From a careful reading of the entire transcript, it is clear that the matter of adjudication was considered and denied, therefore creating an appealable issue.

The debtor's petition for an order declaring the original arrangement in jeopardy and permitting a proposal of a modified arrangement to creditors affected thereby, filed pursuant to Sections 363 and 387 of the Act, clearly put in issue whether the debtor should be adjudicated. Section 377 of the Bankruptcy Act states:

"Where the court has retained jurisdiction after the confirmation of an arrangement and the debtor defaults in any of the terms thereof \* \* \* the court upon hearing after notice to the debtor, the creditors, and such other persons as the court may direct shall \* \* \* (2) where the petition has been filed under section 322 of this Act, enter an order either adjudging the debtor a bankrupt and directing that bankruptcy be proceeded with pursuant to the provisions of this Act or dis-

missing the proceeding under this chapter, whichever in the opinion of the court may be in the interest of the creditors."

The original petition was filed under section 322 of the Bankruptcy Act, and the court retained jurisdiction after the confirmation. Paragraph five of debtor's petition gave notice that debtor was in default under the original arrangement. Hence, debtor's petition satisfied the requirements of section 377 of the Bankruptcy Act, and under that section the Referee, at the February 5th hearing, considered at length the possibility of adjudging the debtor a bankrupt. (Transcript 17–33). However, the court did not have to dismiss the proceeding after it decided not to adjudicate the debtor bankrupt because the hearing then proceeded under Section 387 of the Act, which, in pertinent part, provides:

"Where an arrangement which has been confirmed provides for an extension of time for payment in whole or in part of the debts affected by the arrangement, and the court has retained jurisdiction pursuant to section 368 of this Act—

"(1) A proposal to alter or modify the arrangement by changing the time of payment of deferred installments of the consideration, or by reducing the amount of such payments, or to accomplish both of such alterations or modifications, may be filed by the debtor with leave of court after the arrangement has been confirmed, but before the deferred consideration has been fully paid, or if such deferred consideration is represented by negotiable promissory notes, then before such notes have been delivered to the creditors."

In Collier Pamphlet Edition (1960) Bankruptcy Act, at page A252, Professor Moore's comment states:

"Section 363 was amended as indicated by Public Law 85–732, 85th Cong., 2d Sess., approved August 23, 1958. The purpose of the amendment is to permit the court to work out a modification of a plan of arrangement, after it has been confirmed by the court, if the plan becomes unworkable. § 387, referred to in the amended section, is a newly-enacted provision of the same legislation and will govern the extent of the alteration or modification. Under former law, if a plan of arrangement became unworkable after confirmation there was no alternative for the debtor but bankruptcy liquidation. See Senate Report No. 2094, 85th Cong., 2d Sess. (1958)."

Senate Report No. 2094 stated that "[t]he proposed legislation would also allow the court to work out a modification of a plan of arrangement, after it has been confirmed by the court, if the plan becomes unworkable. Under the existing law, if a plan of arrangement becomes unworkable after it has been confirmed by the court there is no alternative for the debtor but bankruptcy liquidation." United States Code, Congressional and Administrative News, 85th Congress—Second Session 1958, page 3806. At pages 1393–1394 of Volume 8, Collier on Bankruptcy, 14th Edition, the author says: "Section 377(2) is mandatory that the court either adjudge the debtor a bankrupt and direct bankruptcy or dismiss the Chapter XI proceeding", citing Kunze v. Prudential Insurance Co. of America (C.C.A. 5th, 1939), 106 F.2d 917. It appears, however, that Congress intended another alternative to be open to the court when it amended section 363 and added section 387 to the Bankruptcy Act by Public Law 85–732. The bankruptcy court is no longer required to subject the debtor to bankruptcy liquidation but can proceed under section 387 if the requirements of that section are satisfied.

A question of fact or of law distinctly put in issue and directly determined by a court of competent jurisdiction in a suit or action between parties *sui juris* is conclusively settled by the final judg-

ment or decree therein, so that it cannot be further litigated in a subsequent suit between the same parties or their privies, whether the second suit be for the same or a different cause of action. Southern Pacific R. Co. v. United States, 168 U.S. 1, 48–49, 18 S.Ct. 18, 42 L.Ed. 355. Mr. Justice Harlan, speaking for the Court in that case, said (168 U.S. p. 49, 18 S.Ct. 27, 42 L.Ed. 355):

> "This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order; for the aid of judicial tribunals would not be invoked for the vindication of rights of person and property, if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue and actually determined by them."

See also Oklahoma v. Texas, 256 U.S. 70, 41 S.Ct. 420, 65 L.Ed. 831. It is also apparent that "[a]ny right, fact, or matter in issue and directly adjudicated, or necessarily involved in the determination of an action before a competent court in which a judgment or decree has been rendered upon the merits, is conclusively settled by the judgment therein and cannot again be litigated between the same parties and their privies, whether the claim, demand, purpose, or subject-matter of the two suits is the same or not." New York Life Ins. Co. v. Cooper, 10 Cir., 167 F.2d 651, 654; Van Dyke v. Kuhl, 7 Cir., 171 F.2d 187.

A careful reading of the transcript of the February 5th hearing clearly indicates that the determination of the Referee not to adjudicate debtor a bankrupt was reached after a hearing on debtor's petition for an amended arrangement. Such decision was directly and necessarily determined under debtor's said petition and is, therefore, res judicata as to petitioner.

For these reasons, the petition of Radio Distributing Company for review of the Referee's Order dated March 21, 1963, is dismissed. An appropriate order may be submitted.