**FLAXMAN, COLEMAN, GORMAN & ROSOFF, Appellants,**

v.

**Crules R. CHEEK, Trustee of the Estate of Ward Brothers Furniture, Inc., Bankrupt, Appellee.**

**FLAXMAN, COLEMAN, GORMAN & ROSOFF, Appellants,**

v.

**Crules R. CHEEK, Trustee of the Estate of Ward Brothers Furniture, a partnership, Bankrupt, Appellee.**

**FLAXMAN, COLEMAN, GORMAN & ROSOFF, Appellants,**

v.

**Crules R. CHEEK, Trustee of the Estate of Inland Furniture, Inc., Bankrupt, Appellee.**

**Nos. 19863–19865.**

United States Court of Appeals
Ninth Circuit.

Jan. 31, 1966.

Howard L. Rosoff, Flaxman, Coleman, Gorman & Rosoff, Los Angeles, Cal., for appellants.

A. J. Bumb, Los Angeles, Cal., for appellee.

---

Before JERTBERG and MERRILL, Circuit Judges, and TAVARES, District Judge.

JERTBERG, Circuit Judge:

Before us is an appeal from an order of the United States District Court for the Southern District of California, Central Division, affirming the orders of the referee in bankruptcy allowing compensation for legal services rendered by appellants as attorneys for appellee, as receiver, in three related and consolidated bankruptcy cases in the amount of $250.-00, and ordering the appellants to pay to the appellee as trustee the sum of $1,-750.00.

The District Court had jurisdiction under 28 U.S.C. § 1334, and this court has jurisdiction under 28 U.S.C. § 1291.

It appears from the record that on May 2, 1960, three related business bankruptcy proceedings were filed; on May 9, 1960, appellants' law firm, then known as "Flaxman and Coleman" were appointed attorneys for the appellee who was then serving as receiver in said proceedings; on May 25, 1960, appellee was appointed trustee in said proceedings, and the services of appellants as attorneys for the receiver terminated; during such period one Sigfried Levitt, then an associate of the law firm, rendered the services on behalf of appellants; Mr. Levitt's services, for which he kept no time records, consisted of: (a) checking of the unpaid balance due on an automobile, (b) reading the related bankruptcy schedules, and (c) conducting the sale of the assets of the estates, for which he acted as auctioneer. The claimed compensation of appellants for legal service was not based upon any "rate" but primarily on a claimed $7,000.00 higher return from the sale of the assets. Funds of the estates were derived solely from the sale of the assets.

On May 17, 1961, appellants filed their application for compensation setting forth the services they rendered as attorneys for the receiver. After notice to creditors as prescribed by Section 58 (a)(8) of the Bankruptcy Act [11 U.S.C. § 94] a hearing on such application was had on October 10, 1961, before Referee in Bankruptcy Charleville, who later resigned his office and was succeeded by Referee Seymour. An order was made by the referee awarding to appellants the sum of $2,000.00 for their services as attorneys for the receiver. Such amount was paid to applicants on October 24, 1961. No creditors appeared at the hearing, no evidence was taken at the hearing, and there was no opposition at the hearing to the allowance of the compensation award.

On December 20, 1963, Referee Seymour, on his own motion, set a hearing for January 17, 1964, for the purposes of:

(1) Reconsidering Referee Charleville's order of October 23, 1961, allowing to appellants the compensation above mentioned; and

(2) Considering appellants' further application for fees as attorneys for appellee as trustee.

Notice to creditors of said hearing was given. At said hearing Mr. Levitt objected to the reconsideration by Referee Seymour of Referee Charleville's order. Testimony of Mr. Levitt and the appellee was taken. On March 23, 1964, the referee caused to be entered his findings of fact, conclusions of law and orders which, in substance, allowed appellants a fee in the sum of $250.00 as attorney's fees for the receiver and surcharged them $1,750.00, being the difference between the $250.00 fee and the sum of $2,000.00 previously paid under Referee Charleville's order. Appellants were given credit against said surcharge to the extent of $400.00 representing the fee allowed to appellants as attorneys for the trustee.

On November 10, 1964, the District Court on petition for review affirmed the orders of Referee Seymour and approved and adopted findings of fact and conclusions of law made by him.

Appellants' main contention on this appeal is that Referee Seymour was without power to reconsider Referee Charle-

ville's order for the reason that such order became final ten days after its entry under § 39(c) of the Bankruptcy Act [11 U.S.C. § 67] which provides in the part pertinent to this appeal:

"Unless the person aggrieved shall petition for review of such order within such ten-day period, or any extension thereof, the order of the referee shall become final."

This quoted provision was added to § 39(c) in 1960.

Appellants' premise is that as § 58(a)(8) of the Bankruptcy Act, since its amendment in 1938, requires that creditors shall have at least ten days' notice by mail of

"all applications by receivers, ancillary receivers, marshals, trustees, committees, and attorneys for compensation from the estate for services rendered, specifying the amount and by whom made: * * *",

such quoted provision makes an order awarding attorney's fees subject to review only under the provisions of the 1960 amendment to § 39(c) of the Bankruptcy Act. From such premise appellants argue that since no petition for review of Referee Charleville's order was taken within the ten day period, his order became final.

Appellants concede that they have been unable to find any decision of trial or appellate courts supporting their views as to the effect of the 1938 amendment to § 58(a). Appellants likewise concede that the authorities cited and relied upon by the appellee support his position that the order in question is an administrative order subject to reconsideration and reexamination by the referee until the estate is closed. See Matter of Pottasch Bros. Co., Inc., 79 F.2d 613, 101 A.L.R. 1182 (2nd Cir. 1937); Fazakerly v. E. Kahn's Sons Co., 75 F.2d 110 (5th Cir. 1935).

As above noted, the hearing by Referee Charleville on appellants' petition for compensation was informal. No issues of fact or law were framed, no testimony was taken, and no findings of fact or conclusions of law were made. In our view such order was purely an administrative order subject to reconsideration and rexamination by Referee Charleville or his successor in office, Referee Seymour, until the bankruptcy estates were closed. Referee Charleville's order was not a final one to which the 1960 amendment to § 39(c) of the Bankruptcy Act applies.

Appellants further contend that should we find that Referee Charleville's order did not become final and was subject to reconsideration by Referee Seymour, that the orders made by Referee Seymour constitute an abuse of discretion. We are unable to agree. We have examined the record in this case. We find that the findings of fact of Referee Seymour are fully supported. We are bound by the rule that the findings of fact of the Referee in Bankruptcy must be adhered to unless they are found to be "clearly erroneous." General Order in Bankruptcy No. 47; Tepper v. Chichester, 285 F.2d 309 (9th Cir. 1960), Rehearing Denied, Feb. 1, 1961.

The order appealed from is affirmed.