**In the Matter of N. PFEFFER JEWELERS, INC., Debtor-Appellee,**

v.

**Arthur I. WINARD, Attorney-Appellant.**

**No. 71–2801.**

United States Court of Appeals, Ninth Circuit.

Oct. 26, 1973.

---

13. International Brotherhood of Electrical Workers Constitution, Article XXVII, Section 1(10).

Arthur I. Winard in pro. per.

Clague A. Van Slyke (appeared), William A. Scanland, Bilby, Thompson, Shoenhair & Warnock, Charles D. McCarty, Richard H. Goetz, Donald Pitt, Marvin Karp, William C. Scott, Tucson, Ariz., Jos. H. Frier, Goldman, Frier & Altesman, New York City, for debtor-appellee.

Before MERRILL and GOODWIN, Circuit Judges, and PLUMMER, District Judge*.

OPINION

PER CURIAM:

By these proceedings appellant seeks compensation for his legal services in preserving a debtor's estate preparatory to an Arizona bankruptcy. His petition for allowance of fees was opposed by the trustee who filed formal written objections to which appellant responded. The matter was set for hearing at which appellant did not appear. Following hearing the referee filed findings of fact and conclusions of law followed by an order fixing compensation at a figure which amounted to a drastic reduction from that sought by appellant. Appellant then petitioned for review by the District Court. His petition, however, was filed 11 days after entry of the order—one day late under the requirements of § 39(c) of the Bankruptcy Act, 11 U.S.C. § 67(c).[1] On this ground the petition was dismissed by the referee and that dismissal was upheld by the District Court. Appellant contends that the order was not one controlled by § 39(c), but was an administrative order subject to modification at any time by the referee.

We agree with the referee and the District Court that § 39(c) applied to the order of the referee fixing compensation for appellant's services. This was not an administrative order entered without opposition after informal proceedings such as was before this court in Flaxman, Coleman, Gorman & Rosoff v. Cheek, 355 F.2d 672 (9th Cir.), cert. denied, 384 U.S. 954, 86 S.Ct. 1574, 16 L.Ed.2d 549 (1966). Here, as we have noted, the relief sought by appellant was formally contested by the trustee. Appellant's motion was made the subject of a noticed hearing followed by written findings of fact and conclusions of law.

---

\* Honorable Raymond E. Plummer, Chief United States District Judge for the District of Alaska, sitting by designation.

1. "A person aggrieved by an order of a referee may, within ten days after the entry thereof or within such extended time as the court upon petition filed within such ten-day period may for cause shown allow, file with the referee a petition for review of such order by a judge and serve a copy of such petition upon the adverse parties who were represented at the hearing. Such petition shall set forth the order complained of and the alleged errors in respect thereto. Unless the person aggrieved shall petition for review of such order within such ten-day period, or any extension thereof, the order of the referee shall become final. Upon application of any party in interest, the execution or enforcement of the order complained of may be suspended by the court upon such terms as will protect the rights of all parties in interest."

Under § 39(c), ten days after entry of the order it became final and was no longer subject to review by the District Court. Appellant's petition was then subject to dismissal.

Judgment affirmed.