493 F.2d 13
 In the Matter of Jewell L. SIMMONS and Janice A. Simmons, Bankrupts.
J. Lynn PONDER, Appellant,
v.
Richard F. KNIGHT, Trustee, Appellee.
No. 74-1139 Summary Calendar.*
*Rule 18, 5 Cir.; Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5 Cir., 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 April 26, 1974.
 
 J. Lynn Ponder, Amite, La., for appellant.
 Richard F. Knight, pro se.
 Before GEWIN, GODBOLD AND CLARK, Circuit Judges.
 GODBOLD, Circuit Judge:
 
 
 1
 Appellant, an attorney, represented the bankrupts in a bankruptcy proceeding in which appellee was Trustee. Appellant submitted to the Referee in Bankruptcy an application for $10,000 compensation. Notice of the application was mailed to the Trustee and the creditors, and a hearing was held August 21, 1973, attended by appellant, appellee, and an attorney for one creditor. At the end of the hearing the Referee orally ordered that appellant be paid not $10,000 but $1,250, subject to a credit of $250 already paid. Later that day the Referee's written order to the same effect was filed on the bankruptcy docket of the U.S. District Court for the Eastern District of Louisiana. On September 17, 1973, appellant filed a petition for review of the Referee's order, and shortly thereafter appellee filed a motion to dismiss the petition. Believing 39c of the Bankruptcy Act[1] applicable, the Referee granted the motion to dismiss on the ground that the petition for review was untimely. The District Court agreed with the Referee.
 
 
 2
 On this appeal appellant denies the applicability of the 39c time bar, arguing that under the authority of several circuit court cases from the 1930's, an allowance to an attorney is not a 39c order at all but an 'administrative order' subject to reconsideration and review as long as the estate pends.[2] We conclude that the better view is to the contrary and we affirm.
 
 
 3
 The cases appellant cites make clear that the essential qualities distinguishing an 'administrative order' from an order subject to 39c are the informality and nonadversariness of the proceeding that led to its issuance. See Fazakerly v. E. Kahn's Sons Co., 75 F.2d 110, 112 (CA5, 1935). It appears that at the time those cases were decided, attorneys' applications for compensation were normally handled in an informal manner. See id. at 113.[3] But in 1938 Congress amended the Bankruptcy Act, injecting an increased formality and adversariness into such proceedings by ordaining that creditors be given notice of applications for compensation. See 58a(8) of the Act, 11 U.S.C. 94(a)(8) (1970); 3 Collier on Bankruptcy P58.01(2.2) at 479 (1971). The proceeding in the present case took place just as Congress intended. Notice went out to creditors and one of them responded by appearing. The Trustee was present, and most importantly, appellant himself was present to look out for his own interests. A formal hearing ensued, at the end of which the Referee announced a formal decision. We regard that decision as a 39c order, which became final and irrevocable when appellant allowed ten days to elapse without filing either a petition for review or a petition for extension of time in which to file a petition for review.
 
 
 4
 Our decision is contrary to Flaxman, Coleman, Gorman & Rosoff v. Cheek, 355 F.2d 672 (CA9, 1966) (compensation order deemed administrative despite Congress' enactment in 1938 of 58a(8)). We would not follow that decision in any event, but also note that the 9th Circuit has retreated significantly from it in the very recent case of N. Pfeffer Jewellers, Inc. v. Winard, 486 F.2d 610 (CA9, 1973).
 
 
 5
 Affirmed.
 
 
 
 [1]
 A person aggrieved by an order of a referee may, within ten days after the entry thereof or within such extended time as the court . . . may for cause shown allow, file with the referee a petition for review of such order by a judge . . .. Unless the person aggrieved shall petition for review of such order within such ten-day period, or any extension thereof, the order of the referee shall become final. Bankruptcy Act 39c, 11 U.S.C. 67(c) (1970)
 
 
 [2]
 See generally 2 Collier on Bankruptcy P39.18 (1971). Appellant makes an alternative argument that his not receiving written notice of the entry of the Referee's compensation order relieved him of the duty to petition for review within ten days after the August 21 oral announcement of the order. Noting that this case arose before the effective date of the new Rules of Bankruptcy Procedure, we reject this argument on the basis of St. Regis Paper Co. v. Jackson, 369 F.2d 136 (CA5, 1966)
 
 
 [3]
 Fazakerly involved the referee's release of a piece of property (a Sherman Act cause of action) to the bankrupt upon informal agreement of the trustee without notice to creditors. We held that district court review of the order was available throughout the pendency of the estate because the proceeding before the referee had been informal and nonadversary. We stated in dictum that 'typical instances of (informal orders) are allowances to attorneys . . ..' 75 F.2d at 113